(29 App. Div. 455.)

PEOPLE ex rel. COLER, Comptroller, v. LORD et al.

(Supreme Court, Appellate Division, First Department. May 20, 1898.)

MUNICIPAL CORPORATIONS—CHANGE OF GRADE—DAMAGES.

    The purpose of section 2, Laws 1893, c. 537, as amended by Laws 1894, c. 567, is to award to the owner of land fronting on a street the grade of which is changed pursuant to the act the damages sustained thereby, when he has filed with the comptroller a claim briefly describing the property for purposes of identification; and therefore, if the claim makes it perfectly clear just what lot is intended, an obvious and undisputed mis-

take in a lot number, by which it is also therein identified, does not deprive the commissioners of jurisdiction to estimate the loss and damage sustained.

Ingraham, J., dissenting.

Certiorari by the people of the state of New York on the relation of Bird S. Coler, comptroller of the city of New York, to review the action of Daniel Lord and others, commissioners, in awarding damages for land taken for a street. Writ dismissed.

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

R. C. Beatty, for appellant.

B. E. V. McCarty, for respondents.

PATTERSON, J. Upon an application of the comptroller ·of the city of New York, the writ of certiorari in this proceeding was issued to review the action of the respondents in awarding to one Katherine E. Rapp a certain sum as damages to certain land sustained by the change of grade of Brook avenue and also of 161st street in the city of New York. There were various grounds upon which the writ was applied for, but on the argument before us the relator relies upon a single contention, and that is in reality nothing more than that there was a misdescription in the notice of claim of the premises in respect of which the award was sought. It appeared that Mrs. Rapp owned a certain lot of ground in block No. 1348 on the tax map of the Twenty-Third ward of the city of New York. In her notice of claim that lot is referred to by the ward number 3. The real ward number of her lot was No. 1, and in the proceedings before the commissioner she proved a title in fee to that lot No. 1, which adjoins No. 3, and it is with reference to that lot that the commissioners' award is made. During the course of the proceedings before the commissioners this merely clerical error in the designation of the ward number was made to appear, and thereupon the commissioners allowed the notice of claim to be amended by the insertion of the proper ward number, and it stands without dispute that the award is made with respect to that proper ward number, and that the real owner of the property entitled to the damages is Mrs. Rapp. Of these facts there is no possible doubt. It is not necessary to consider whether the commissioners were justified, in furtherance of justice, to permit this amendment of the notice of claim or proof of Mrs. Rapp's right to the award. But, assuming that they were not, nevertheless we think they had full authority to make that award, irrespective of any amendment of the notice of claim. By section 2 of the act of 1893, as amended in 1894 (Laws 1894, c. 567), the commissioners have the exclusive jurisdiction to estimate the loss and damage which each owner of land or land and building fronting on a street the grade of which is changed pursuant to the act has sustained or will sustain by reason of that change, when such owner shall have filed with the comptroller a claim for damages, briefly describing the property of such owner. The argument is made that the brief description given in the notice of claim must be in every feature and detail precisely accurate, and that, if it is not so, a forfeiture of the right to

damages ensues. Such a construction is altogether inadmissible. The purpose of the act is to award to the owner the damages sustained, and the brief description of the property is to identify that property in respect of which the claim is made. The whole proceeding is within the exclusive jurisdiction of the commissioners, and they are required by the third section of the act to award such damages to the respective parties filing claims as shall be, under the circumstances and on the evidence presented, just and equitable. There is no such technical procedure required by this act as entails a forfeiture upon an owner for the mistaken insertion of one figure in the description of the piece of property for another, there being enough in the notice, without regard to that figure, to identify the property described as belonging to the claimant; and such is the situation here. There was but one block number 1348. In the notice it is stated that the claimant is the owner in fee of a lot in that block. It is the lot which is affected by the grading of Brook avenue and 161st street. The property is on the east side of Brook avenue. The grade, the notice says, brings the street (not the avenue) nearly to the top of the building. Here it is clearly pointed out that the property Mrs. Rapp claimed was the corner lot on Brook avenue and 161st street. There is no doubt of the claimant's title, nor of her right to the award, nor is any detriment shown to the city of a single dollar of loss or expense.

The writ should be dismissed, with costs.

RUMSEY and O'BRIEN, JJ., concur.


INGRAHAM, J. (dissenting). I am unable to concur with Mr. Justice PATTERSON. The statute allows the commissioners to estimate the loss and damage which each owner of land or lands and buildings fronting on the street the grade of which is changed pursuant to the act in question has sustained or will sustain by reason of that change, when such owner shall have filed with the comptroller a claim for damages, describing the property of such owner. The jurisdiction conferred upon the commissioners is limited to a case in which the owner of lands files such a notice. It seems to me that the commissioners would have no jurisdiction where a notice of claim was filed which failed to contain a description of the property owned by the claimants. It follows that such jurisdiction is limited to the ascertainment of the damages upon property which is described in the notice of claim presented. No power is given by the statute to the commissioners to amend a notice of claim when once filed. The only question presented to them is as to the property described in a notice of claim that has been filed as provided for by the statute. In this case the claimants presented a notice of claim, in which they particularly describe a piece of land claimed to belong to them. This notice gave the commissioners jurisdiction to ascertain the damages sustained by the claimants as the owners of the land described. Instead of describing the land by metes and bounds, they described their property by reference to the tax map of the city of New York, and asked to have the damages sustained by them

as owners of this particular lot of land ascertained. Upon the proceeding before the commissioners it appeared that they had no title to that particular lot of land; and I think that the commissioners had no jurisdiction then to proceed, and make an award in relation to a lot of land not described in the petition, and as to which no claim had been presented. I think, therefore, that the action of the commissioners should be reversed.