GEORGE C. MANNON, APPELLANT, v. VESPER LODGE OF INDEPENDENT ORDER OF ODD FELLOWS, ETC., RESPONDENT.

Submitted December 5, 1921—Decided March 6, 1922.

Plaintiff, while rightfully in a building controlled by defendant, was injured by the explosion of a gas machine in the cellar of the building, which machine was operated and managed by a servant of the defendant so as to furnish light to the building. There was evidence that for some months gas had been escaping; that the gas jets frequently flared a foot or more; that the machine had emitted noises; that there had been no inspections of it for about a year, and that about a month before the accident the servant in question had been warned that it might explode if its use was continued. *Held*, that on the whole case the question of defendant's negligence was for the jury, and that a direction for defendant was erroneous.

On appeal from the Supreme Court.

Mannon v. Odd Fellows, &c.      97 N. J. L.

For the appellant, *Herbert Clark Gilson.*

For the respondent, *George H. Large.*

The opinion of the court was delivered by

PARKER, J.    This appeal challenges the propriety of a direction of verdict for defendant in an accident case.    The conceded facts are that defendant, an unincorporated association of seven or more members (see Practice act, 1903, section 40), was,˙on December 30th, 1918, and for many years prior thereto, had been in the ownership, possession or control of a building containing on the upper floor their lodge room, and on the ground floor the local post office and a small store;  that the building was lighted wholly or in part by a private acetylene gas plant in the cellar, operated by an employe of defendant;  that on the evening of December 30th, 1918, as plaintiff was rightfully in the building after getting his mail, the gas plant blew up with such violence· as to force out the sides of the building and drop the roof on the foundations.    Of eight men in the store at the time, six were killed outright, one died in hospital, and plaintiff, the only survivor, was severely injured.    His suit was predicated on negligence of defendant or its agents in the management and operation of the gas plant, and the question at the conclusion of the evidence was whether plaintiff had made out a case of negligence for the jury.    The trial judge held that he had not done so, and this ruling is the only ground of appeal properly before us.    Certain questions of evidence are argued, but as they are not properly specified in the grounds of appeal, we do not consider them.    The question for solution, therefore, is whether the explosion of the gas machine being conceded, as well as the control thereof by· defendant or its agents, and the existence of a duty of care on the part of defendant toward plaintiff, there was evidence for the jury of a breach of that duty.    This question, we think, must be answered in the affirmative.    It is settled in

this court that when, through any instrumentality or agency under the management or control of a defendant or his servants, there is an occurrence injurious to the plaintiff, which, in the ordinary course of things, would not take place if the person in control were exercising due care, the occurrence itself, in the absence of explanation by the defendant, affords *prima facie* evidence that there was want of due care. This is the rule of *res ipsa loquitur,* as laid down in *Mumma* v. *Easton and Amboy Railroad Co., 73 N. J. L.* 658, citing numerous cases. So, that even on the conceded facts it would seem that an inference of negligence from this explosion of the gas-making plant was permissible. But there was more in the case. There was evidence that gas had escaped in such quantity as to be smelt for some months before the explosion; that when burners were lighted the flame would often flare up a foot or so and often go out; that noises were heard from time to time; that Stryker, who kept the little store and attended to the management of the gas plant for the defendant, had been told from time to time by several witnesses that the machine was leaking; one witness testified that he had twice warned Stryker that there was danger, especially in improper charging, which he observed, and that "if he didn't quit using the machine, he and a whole lot of other people would be blown to Halifax." The testimony for defendant tended to negative the escape of gas, but this merely raised a dispute of fact, and it appeared on defendant's case that the machine had not been inspected for about a year prior to the accident. This evidence, with the conceded facts already stated, plainly made it a jury question whether due care had been exercised in the management of the machine, and if not exercised, whether the accident resulted from that lack of care. There was no question in the case of plaintiff having held back any material evidence at his command, as in *Bahr* v. *Lombard Ayres & Co.*, 53 *Id.* 233, or *Levendusky* v. *Empire Rubber Co.*, 84 *Id.* 698. Nor was there, as a court question, adequate counter-proof, as in *McCormack* v. *Standard Oil Co.*, 60 *Id.* 243.

The testimony for plaintiff made a *prima facie* case for the jury, and on the whole case it remained for the jury to say whether such *prima facie* case was met by the evidence for defendant, the burden of proof remaining throughout on the plaintiff. *Hughes* v. *Atlantic City Railroad Co.*, 85 *N. J. L.* 212; *Niebel* v. *Winslow*, 88 *Id.* 191; *Fanshawe* v. *Rawlins*, 89 *Id.* 344.

We have considered the case without reference to any of the testimony admitted at the trial, to the effect that Stryker said the machine was out of order. A warning by another person to him that it was out of order was competent as indicating notice through him to the defendant, his employer; but that he had any authority to make admissions as to its condition on behalf of his employer is at least most unlikely, and we think not indicated by the evidence. As the case must be retried, we deem it proper to call the attention of the parties to such cases as *Huebner* v. *Erie Railroad Co.*, 69 *N. J. L.* 327; *King* v. *Atlantic City Gas Co.*, 70 *Id.* 679, and *Hayes* v. *Railway Co.*, 73 *Id.* 639, dealing with the admissibility of statements by an agent or employe as against the principal or employer.

The judgment will be reversed, to the end that a *venire de novo* issue.

*For affirmance*—THE CHANCELLOR, WILLIAMS, J.   2.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, JJ.   12.