29 N.J. Super. 197 (1954)
102 A.2d 59
ELLA VAN STAVEREN AND GUY VAN STAVEREN, HER HUSBAND, PLAINTIFFS-RESPONDENTS,
v.
F.W. WOOLWORTH CO., A NEW YORK CORPORATION LICENSED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1953.
Decided January 5, 1954.
*198 Before Judges JAYNE, FRANCIS and PROCTOR.
Mr. John C. Stockel argued the cause for appellant.
Mr. John T. Keefe argued the cause for respondents (Mr. John A. McKenna, attorney).
The opinion of the court was delivered by JAYNE, S.J.A.D.
The application of the so-called doctrinal function of res ipsa loquitur to the factual circumstances disclosed by the evidence adduced in the present case is the controversial subject predominating in the consideration of the present appeal. We ventured the comment in Alston v. J.L. Prescott Co., 10 N.J. Super. 116, on page 119 (App. Div. 1950), that whether the concept which many centuries ago assumed the name res ipsa loquitur is to be regarded as a doctrine, a principle, a maxim indicative of proof by circumstantial evidence, a rule of substantive or adjective law, a presumption of negligence or merely a prima facie inference, are some of the characteristics concerning *199 which a conspicuous diversity of opinion is discoverable in the English and American cases and among the competent contributors to the law reviews. A column of illustrative articles was supplied.
However, the concept of it which we recognize in this jurisdiction is that "when, through any instrumentality or agency under the management or control of a defendant or his servants, there is an occurrence, injurious to the plaintiff, which in the ordinary course of things would not have taken place if the person in control were exercising due care, the occurrence itself, in the absence of explanation by the defendant, affords prima facie evidence that there was want of due care." Mumma v. Easton and Amboy R.R. Co., 73 N.J.L. 653 (E. & A. 1906); Cicero v. Nelson Transportation Co., Inc., 129 N.J.L. 493 (Sup. Ct. 1943); Hansen v. Eagle-Picher Lead Co., 8 N.J. 133 (1951).
An acquaintance with the progression of decisions in this as well as other jurisdictions reveals that the dissimilarity of the decisions relating to the subject have not arisen so often from discordant understandings of the rule or principle as from the occasional problematical application of it to the peculiar and perhaps neoteric occurrences of the particular case. Enlargement or modification of application implies the growth and life of the law. It is immediately to be realized that proof of several elements reaching beyond that of the mere occurrence of a mishap is required to set the rule in operation.
The principal tests of its application are: (1) was the injurious occurrence in its characteristics and accompanying circumstances one which would not normally happen in the absence of some neglect; (2) is the injurious event in the absence of an explanation of a faultless and inculpable cause one logically to be attributable to carelessness; (3) was the instrumentality actually or constructively under the management or control of the defendant at the time of the happening of the mishap; (4) in some instances was the injured plaintiff expressly or impliedly invited by the defendant to use the instrumentality or rely upon or assume its apparently *200 safe and harmless condition; and (5) was the inferentially negligent occurrence the proximate cause of the injurious consequences incurred by or visited upon the plaintiff? Those tersely expressed criteria are useful inquisitorial avenues to explore in ascertaining the adaptation of the rule to the factual constituents of the case.
We now reveal the nature of the harmful experience encountered by the plaintiff Ella Van Staveren during the noon hour on March 7, 1951. The defendant, F.W. Woolworth Company, maintains one of its chain stores at No. 300 Wood Avenue in the City of Linden, Union County, in which it conducts a counter for the sale of light lunches and refreshments. Sixteen immovable swivel stools with back rests were conveniently located along the counter for the use of the patrons. At the time previously mentioned Mrs. Van Staveren entered the store to obtain a cup of coffee. The stool nearest the entrance door was unoccupied. She seated herself upon it and in relaxing leaned backward against the back rest when instantaneously the seat became disengaged from the supporting leg or pedestal, thereby overthrowing Mrs. Van Staveren to the floor.
In the present action in which Mrs. Van Staveren sought the recovery of compensatory damages for her bodily injuries and their injurious consequences, and in which her husband asserted a derivative claim for his losses, these plaintiffs invoked the rationale of the rule of res ipsa loquitur.
We may immediately state that we have no doubt of the applicability of the rule to the import of the evidence as it existed at the conclusion of the plaintiffs' case. The motion for an involuntary dismissal of the action was properly denied. Zappala v. Stanley Company of America, 124 N.J.L. 569 (E. & A. 1940). Cf. Cicero v. Nelson Transportation Co., Inc., supra.
This is a civil action and we concentrate our attention upon the state of all of the evidence at the conclusion of its introduction. Beck v. Monmouth Lumber Co., 137 N.J.L. 268 (E. & A. 1948); Parrette v. Citizens Casualty Co. of N.Y., 5 N.J. Super. 258 (App. Div. 1949).
*201 We may confidently assume without a needless citation of authorities the postulate that the defendant owed to its customers the duty to exercise ordinary care to maintain the stools in a reasonably safe condition for their intended use. The fulfillment or disregard of that duty only finds exposure in the facts. The truth which the law seeks to ascertain in tracing mishaps to causes is reality, but it is not too often discoverable positively. In controversial litigation it is in practice more commonly a conception of the supremely logical probability pragmatically envisaged from the information supplied.
In the present case the judge and jury were informed of the maintenance of a stool with a revolving seat at a location nearest the entrance to the store. Might it not be reasonably anticipated that by reason of its situation it would be subjected to frequent use and consequent wear? It had a back rest the use of which was certainly contemplated and the natural leverage action of its use was obvious.
The stool was exhibited to the jury and also to us. The seat rested upon a bracket consisting of three spread flanges to the ends of which the seat was bolted. The bracket had a post of about six or eight inches in length which, when the parts of the stool were properly assembled, extended downward into the recess of the pedestal attached to the floor.
After the occurrence of the mishap it was immediately noticed by some of the witnesses that one of the flanges of the supporting bracket had completely fractured crosswise; that the bolts attaching the other two flanges to the seat were loose and, indeed more remarkable, the post of the bracket normally anchored in its proper position had also come out of the recess in the pedestal.
It was not evident that Mrs. Van Staveren was a person of inordinate size and weight or that she had subjected, even momentarily, the stool to any uncommon stress or strain. Assuredly the unfortunate event was exceptional and unusual. It is contended on behalf of the defendant that when a customer undertakes to make use of the stool *202 it is then no longer under the management or control of the defendant during the period of its use within the import of the res ipsa loquitur rule. Suffice to reply that the assertion of this argumentative proposition in relation to a mishap of the present nature is not only conspicuously nimble but also conspicuously unsound.
The facts and accompanying circumstances in such cases as Oelschlaeger v. Hahne & Co., 2 N.J. 490 (1949), and Kramer v. R.M. Hollingshead Corp., 5 N.J. 386 (1950), are clearly distinguishable in essential respects from those of the present case. A similar mishap was described in Okker v. Chrome Furniture Mfg. Corp., 26 N.J. Super. 295 (App. Div. 1953), but the issue related to the alleged liability of the manufacturer of the stool.
The evidence, if viewed in a rational aspect most favorable to the plaintiffs, disclosed that there were at least three faulty weaknesses in the stool. The one was the deficient and unsound flange which, in the opinion of the defendant's expert, "became fatigued and tired" from strain and had been "coming on for a long time"; the second was the laxity of the bolts in the other two flanges which would aggravate the strain; and the third was the inefficiency of the setscrew or other gadget, which failure permitted the post of the bracket to withdraw from the pedestal. The supposition that in collapsing, the seat, bracket, and post were elevated to a height sufficient to release the post from the cylinder of the pedestal without any imperfection in or damage to the pedestal seems incomprehensible, yet it is said that all those parts fell with Mrs. Van Staveren to the floor. Whether the pedestal exhibited is the same one and in the same condition as it was immediately after the occurrence arouses doubt.
We need not undertake to split technical filaments concerning the application of the rule of res ipsa loquitur in the present case.
There was additional evidence of cogent significance. The stools had been installed at the counter in 1948 and since then had been in constant use. It was acknowledged by the representative of the defendant that no inspection whatever *203 had been made of the brackets, bolts, or adjustments beneath the seats of the stools during the period from 1948 until the occurrence of the mishap in 1951. While the law does not ordinarily exact the performance of unfeasible and useless inspections, there is in the present case the inveterate failure of the defendant to make any inspection whatever of the supporting parts of the stool. Had the one flange broken on some previous occasion and caused the loosening of the bolts in the other two, or had the bolts gradually loosened causing eventually the fracture of the defective flange? Did not the failure of the defendant to make or cause to be made some reasonable inspection of the safety of the stools during the span of years associated with the characteristics of the injurious eventuality imply a culpable omission of duty?
This supplementary evidence of the defendant's indifference and inattention in that regard did not in our opinion extinguish the application of the res ipsa loquitur rule of evidence, and yet it cannot be ignored in determining the propriety of submitting the case to the jury. Cf. Mannon v. Vesper Lodge of I.O.O.F., 97 N.J.L. 215 (E. & A. 1922); Gilroy v. Standard Oil Co., 107 N.J.L. 170, 174 (E. & A. 1930); Smith v. Kirby, 115 N.J.L. 225, 227 (E. & A. 1935); Cleary v. City of Camden, 118 N.J.L. 215, 221 (Sup. Ct. 1937), affirmed 119 N.J.L. 387 (E. & A. 1938); Forsch v. Liebhardt, 5 N.J. Super. 75, 79 (App. Div. 1949).
The following comment of the Court of Errors and Appeals in Law v. Morris, 102 N.J.L. 650, 653 (E. & A. 1926), is in that particular in point here: "The testimony offered by the defendant tended more to inculpate than exculpate the defendant of the charge of negligence."
In our view of all of the evidence we conclude that fairminded men might have honestly differed in their deductions concerning the influential quality of the opinion expressed by the defendant's expert witness relative to the existence of the defect in the flange or its obscurity, as well as concerning the adequacy or predominance of the explanation proffered by the defendant, in contrast with the inferences generated by the characteristics of the occurrence and by the derelictions *204 of the defendant to have examined and inspected an instrumentality so continuously subjected to use. Cf. Dockray v. Security Mutual Life Ins. Co., 20 N.J. Super. 600 (Law Div. 1952).
The motion for a judgment in favor of the defendant as a matter of law was properly denied. No prejudicial error is discernible in that portion of the court's charge to which our attention has been invited by the appellant.
The judgment is affirmed.