49 N.J. Super. 251 (1958)
139 A.2d 412
GERMINE E. BENTON, PLAINTIFF-RESPONDENT,
v.
HERMAN T. STICHMAN, TRUSTEE FOR HUDSON & MANHATTAN RAILROAD COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 10, 1958.
Decided March 13, 1958.
*252 Before Judges GOLDMANN, FREUND and CONFORD.
*253 Mr. H. Curtis Meanor argued the cause for appellant (Messrs. Emory, Langan, Lamb & Blake, attorneys; Mr. James J. Langan, of counsel; Mr. Carroll A. Morley, on the brief).
Mr. Robert E. Pollan argued the cause for respondent.
PER CURIAM.
Defendant appeals from a judgment of $300 and costs entered upon a jury verdict in the county district court in a negligence action instituted by plaintiff to recover damages for personal injuries allegedly sustained while passing through a turnstile at the Hudson & Manhattan Station at Hoboken. Plaintiff testified that she had inserted the necessary fare in the turnstile slot; that the bar moved forward without difficulty, and then swung back "suddenly and terrifically hard," hitting her in the leg. She then proceeded through the stile without depositing further fare and at once reported the incident to the railroad patrolman on duty. Defendant admitted ownership, operation and control of the turnstile. At the conclusion of plaintiff's case defendant moved for an involuntary dismissal because there had been no proof of any negligence on its part. The court denied the motion, stating that the doctrine of res ipsa loquitur applied. It is from the denial of this motion that defendant appeals, claiming that res ipsa loquitur did not apply in the circumstances and that plaintiff had failed to make out a prima facie case sufficient to go to the jury because she did not introduce evidence of a defective condition which proximately caused her injuries and of which defendant had notice, actual or implied.
For present purposes we must assume, as the jury eventually must have found, that the accident happened exactly as plaintiff described, for on defendant's motion at the close of her case she was entitled to the benefit of the truth of all the facts proved, together with every inference which might reasonably and legitimately be drawn therefrom. Melone v. Jersey Central Power & Light Co., 18 N.J. 163, 170 (1955). We pass the question whether *254 defendant, having proceeded to offer evidence and having failed to move for judgment at the close of the entire case, did not waive its right to object to the denial of its motion at the close of plaintiff's proofs. See 5 Moore's Federal Practice (2d ed. 1951), § 41.13, p. 1041, and note 2, and § 50.05, p. 2322, note 2, discussing the federal practice under Federal Rules of Civil Procedure, 41(b) and 50(a), which are like our R.R. 4:42-2(b) and 4:51; cf. Falk v. Unger, 33 N.J. Super. 589, 592-593 (App. Div. 1955). We hold that plaintiff was entitled to the benefit of the res ipsa loquitur doctrine and the court correctly denied defendant's motion at the close of her case.
The doctrine has been considered in a long sequence of cases, and has most recently been discussed by our Supreme Court in Bornstein v. Metropolitan Bottling Company, Inc., 26 N.J. 263, affirming our decision in 45 N.J. Super. 365 (1957). And consult Hansen v. Eagle-Picher Lead Co., 8 N.J. 133 (1951); Van Staveren v. F.W. Woolworth Co., 29 N.J. Super. 197 (App. Div. 1954); Francois v. American Stores Co., 46 N.J. Super. 394 (App. Div. 1957); cf. Kahalili v. Rosecliff Realty, Inc., 46 N.J. Super. 1 (App. Div. 1957), certification granted 25 N.J. 297 (1957). We consider the facts adduced by plaintiff's proofs as meeting the various tests required by our cases to call the doctrine into play. See, particularly, the Bornstein and Van Staveren cases and, generally, 2 Harper & James, Law of Torts, §§ 19.5-19.10, p. 1075 et seq. (1956). If what plaintiff says occurred is true, i.e., that the bar swung back suddenly after beginning its forward movement under plaintiff's pressure, the circumstances permit the inference that the mechanism was defective and defendant negligent in its maintenance.
The movement of the turnstile was part of a mechanism under defendant's sole control. Although plaintiff had to push the stile after depositing her fare, that did not render it free-swinging. It was still controlled by the mechanism. Revolving door cases like Den Braven v. Meyer Brothers, 1 N.J. 470 (1949), relied on by defendant, and swinging *255 door cases like Olson v. Whitthorne & Swan, 203 Cal. 206, 263 P. 518, 58 A.L.R. 129 (Sup. Ct. 1928), are not apposite, for there the actual control of the movement of the doors was in others who were using them. And decisions like Oelschlaeger v. Hahne & Co., 2 N.J. 490 (1949) (fall by a customer over a stool in defendant's store), and Lewin v. Ohrbach's, Inc., 14 N.J. Super. 193 (App. Div. 1951) (fall over a coat hanger on floor of defendant's store), cited by defendant, are obviously not in point. Nor is Lefkowitz v. City of New York, 269 App. Div. 666, 52 N.Y.S.2d 879 (App. Div. 1945), affirmed 297 N.Y. 769, 77 N.E.2d 788 (Ct. App. 1948).
We should note, incidentally, that in defendant's answers to interrogatories it was admitted that if the turnstile was not defective, it could not have gone in a direction other than forward, with or without interference by an outside force, i.e., it could not have swung back and hit plaintiff's leg.
We are persuaded by defendant's oral argument that its real position is that plaintiff's version of what happened is untrue. This, however, was a factual issue properly submitted to the jury.
Affirmed.