703 A.2d 690

THOMAS LUCIANO, PLAINTIFF–APPELLANT, v. PORT AUTHORITY TRANS–HUDSON CORP., PORT AUTHORITY OF NEW YORK AND NEW JERSEY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 1, 1997—Decided December 19, 1997.

Before Judges HAVEY, LANDAU and NEWMAN.

*Doyle & Brady,* attorneys for appellant (*Gregory C. Bartley,* on the brief).

*Hugh H. Welsh,* attorney for respondent Port Authority of New York and New Jersey (*Hugh H. Welsh,* Deputy General Counsel, of counsel; *Sharon K. McGahee,* on the brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

Plaintiff Thomas Luciano appeals from the dismissal of his Law Division complaint against The Port Authority of New York and New Jersey (Authority). Prior to jury trial, Luciano's attorney requested a ruling *in limine* that a *res ipsa loquitur* charge be given. That motion was denied. Upon a proffer of the proofs to be submitted on Luciano's behalf, the judge dismissed the complaint for failure to establish a *prima facie* case of negligence,

reasoning that one of the requisite *res ipsa* elements, exclusive control, was not met.

The proffer showed that Luciano was struck on the head and injured by a metal roll-style gate as he was walking down the stairs leading from the Authority's Harrison PATH station platform to the street below. The gate is kept in a rolled up position when the station is active, and rolled down to close off the stairway from the street when the station is not open for business. Along with members of his family, Luciano had been returning from a New York trip on a PATH train. The roll gate which struck him is supposed to remain in the up position until pulled down by application of pressure. After striking Luciano, it remained about halfway to the down, or closed, position.

Although the Authority owns and maintains the gate, it opens to a heavily used public sidewalk.

The judge concluded that the gate is "in the public domain," accessible to "untold numbers of people," and found nothing in the fact pattern which "shows that the defendant's control over the instrumentality was such that it basically balances the probabilities to the fact that something they did or they didn't do caused the gate to fall."

The judge also considered the absence of expert testimony on behalf of Luciano or any proof that "the mechanism that caused the gate to move was inaccessible to the public," noting that, "[i]n fact, the only proffer I have is that anybody with a sufficient amount of strength can reach up and move that gate in this case." In concluding that the matter must be dismissed, reliance was placed upon *Bornstein v. Metropolitan Bottling Co.*, 26 *N.J.* 263, 139 *A.*2d 404 (1958); *Jimenez v. GNOC, Corp.*, 286 *N.J.Super.* 533, 670 *A.*2d 24 (App.Div.), *certif. denied,* 145 *N.J.* 374, 678 *A.*2d 714 (1996); *Allendorf v. Kaiserman Enters.*, 266 *N.J.Super.* 662, 630 *A.*2d 402 (App.Div.1993); and, *Hillas v. Westinghouse Elec. Corp.*, 120 *N.J.Super.* 105, 293 *A.*2d 419 (App.Div.), *certif. denied,* 62 *N.J.* 82, 299 *A.*2d 80 (1972). The judge also endeavored to distinguish the instant facts from those in *Brown v. Racquet Club of Brick-*

*town*, 95 *N.J.* 280, 471 *A.*2d 25 (1984); *Rose v. Port of New York Auth.*, 61 *N.J.* 129, 293 *A.*2d 371 (1972); *Benton v. Stichman*, 49 *N.J.Super.* 251, 139 *A.*2d 412 (App.Div.1958); and, *Van Staveren v. F.W. Woolworth Co.*, 29 *N.J.Super.* 197, 102 *A.*2d 59 (App.Div. 1954).

The three elements which must be established in order to apply the doctrine of *res ipsa loquitur* have been described as follows:

> (1) the accident which produced a person's injury was one which ordinarily does not happen unless someone was negligent, (2) the instrumentality or agent which caused the accident was under the exclusive control of the defendant, and (3) the circumstances indicated that the untoward event was not caused or contributed to by any act or neglect on the part of the injured person.
>
> [*Eaton v. Eaton*, 119 *N.J.* 628, 638, 575 *A.*2d 858 (1990) (quoting *Lorenc v. Chemirad Corp.*, 37 *N.J.* 56, 70, 179 *A.*2d 401 (1962).)]

The record makes clear that the judge diligently considered pertinent authority and recognized this three-pronged test for application of the *res ipsa* doctrine. Nonetheless, we must differ with the balance of probabilities which was drawn and with the judge's conclusion that, although the first and third prongs (occurrence bespeaks negligence and no indication that plaintiff contributed to causation) of the doctrine were met, Luciano failed to show "exclusive control" by the Authority.

The exclusive control prong does not require that a plaintiff exclude all other possible causes of an accident, only that it is more probable than not that defendant's negligence was a proximate cause of the mishap. *Brown, supra*, 95 *N.J.* at 291–92, 471 *A.*2d 25. Given the Authority's well-established duty to provide a reasonably safe place for its patrons to do that which is within the scope of the invitation, it was error to require Luciano to establish that prior unknown conduct by a member or members of the public did not cause the gate to fall upon him. To the contrary, the "duty to maintain safe premises and protect invitees includes an affirmative obligation upon the proprietor to inspect the premises 'to discover their actual condition and any latent defects,' ... as well as 'possible dangerous conditions of which he

does not know.' " *Brown, supra,* 95 *N.J.* at 290–91, 471 *A.*2d 25 (citations omitted).

The sole question here is whether the present facts, not involving either complex technical machinery nor any neglect by the plaintiff, permit a reasonable inference that defendant's control over the gate was such that it would be responsible for any negligence connected with it. *Bahrle v. Exxon Corp.,* 279 *N.J.Super.* 5, 35, 652 *A.*2d 178 (App.Div.1995), *aff'd,* 145 *N.J.* 144, 678 *A.*2d 225 (1996). The judge here improperly concluded that the mere fact that the gate was open to the street and to the public shifted the preponderance of probabilities of negligence away from the Authority.

Plaintiff's burden is well summarized in W. Page Keeton et al., *Prosser and Keeton on the Law of Torts,* § 39, at 248 (5th ed.1984):

> The plaintiff is not required to eliminate with certainty all other possible causes or inferences, which would mean that the plaintiff must prove a civil case beyond a reasonable doubt. All that is needed is evidence from which reasonable persons can say that on the whole it is more likely that there was negligence associated with the cause of the event than that there was not. It is enough that the court cannot say that the jury could not reasonably come to that conclusion.

As the Supreme Court has observed:

> [R]es ipsa loquitur would still be applicable unless defendant's explanation of the accident conclusively negated any inference that defendant failed to discharge the duty of care it owed to its invited patrons, namely, to make a reasonable inspection that would have disclosed the existence of the defect.
>
> [*Brown, supra,* 95 *N.J.* at 293, 471 *A.*2d 25.]

The facts proffered in this case are akin to those in *Brown, supra,* and in *Allendorf, supra,* where we said, "[c]ertainly, an automatic door closing like a vise upon a person attempting to enter an elevator is an occurrence, similar to the collapse of the stairway involved in *Brown v. Racquet Club of Bricktown, supra,* which bespeaks negligence." *Allendorf, supra,* 266 *N.J.Super.* at 669, 630 *A.*2d 402. These were cited in *Jimenez* as cases in which the balance of probabilities weighs in favor of negligence on the defendants' part. *Jimenez, supra,* 286 *N.J.Super.* at 544, 670 *A.*2d 24. *See also Benton v. Stichman, supra,* 49 *N.J.Super.* at 253–54,

139 *A.*2d 412 (App.Div.1958)(turnstile bar swung back and struck plaintiff; *res ipsa* found applicable); *Lustine–Nicholson Motor Co. v. Petzal,* 268 *F.*2d 893, 894–95 (D.C.Cir.1959) (fall of an overhead garage door). Much as in *Keith v. Truck Stops Corp. of Am.,* 909 *F.*2d 743, 745 (3d Cir.1990), a jury could reasonably conclude from the circumstantial evidence that defendant was negligent in failing to maintain its premises in a reasonably safe condition for a business invitee. The *Keith* court concluded it was inferable that a movable steel stairway was not properly secured and collapsed under the plaintiff at a position where he was permitted to be. *Ibid.* A similar inference of failing to inspect or properly to secure the roll-up gate with a lock or blocking device was permissible as to the Authority in this case. There is a duty to protect against foreseeable tampering. *Grzanka v. Pfeifer,* 301 *N.J.Super.* 563, 578, 694 *A.*2d 295 (App.Div.), *certif. denied,* —— *N.J.* —— (1997).

Subject to such proofs as may be presented by the Authority during trial, we hold that the facts proffered by Luciano are sufficient to make out a *prima facie* case of causative negligence against the Authority. Accordingly, we reverse and remand for trial.