101 N.J. Super. 172 (1968)
243 A.2d 836
VONINS, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LAWRENCE B. RAFF, ASSIGNEE FOR THE BENEFIT OF CREDITORS OF CREST, INC., DEFENDANT-APPELLANT, AND EDWARD LUBRANO, CREST, INC., A CORPORATION OF NEW JERSEY, AND TONE-CREST, INC., A CORPORATION OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 29, 1968.
Decided May 31, 1968.
*174 Before Judges SULLIVAN, FOLEY and LEONARD.
*175 Mr. Lawrence B. Raff argued the cause for defendant-appellant (Messrs. Raff, Sherman & Scheider, attorneys; Mr. Terence P. Corcoran, on the brief).
Mr. James M. Havey argued the cause for plaintiff-respondent (Messrs. Novins & Novins, attorneys).
The opinion of the court was delivered by LEONARD, J.A.D.
Defendant Lawrence B. Raff, assignee for the benefit of creditors of Crest, Inc., appeals from an interlocutory order of the Superior Court, Chancery Division, denying the assignee's motion to dismiss the complaint of plaintiff Vonins, Inc., and from a final declaratory judgment entered in Vonins' favor.
On October 27, 1965 Crest, pursuant to N.J.S. 2A:19-1 et seq., executed an assignment of its corporate assets to Raff for the benefit of its creditors. On or about November 1, 1965, a large quantity of merchandise was forcibly removed from Crest's premises in Lakewood, and taken to New York, where the goods were confiscated and impounded pending legal proceedings in that state. On November 10, 1965, Raff sold at public auction the remainder of the assets located at Crest's premises for $8709.92. The Ocean County Court, Probate Division entered an order on November 12, 1965, confirming the sale "free and clear of all liens, liens, if any, to attach to the proceeds * * *." Subsequently, on December 22, 1965, Vonins instituted the present proceedings in the Superior Court, Chancery Division.
Vonins a seller of plumbing and heating parts and equipment, alleged in its complaint that on October 9, 1963 (over 2 years before the assignment for the benefit of creditors), it had entered into a written agreement with Crest, an installer of plumbing and heating apparatus. The agreement provided that Crest would assign all of its then existing installation contracts to Vonins. The latter agreed to engage Crest as its sub-contractor for furnishing labor under those installation contracts and under any others that Vonins might *176 obtain during the period of the agreement. Vonins obligated itself to furnish Crest all "the specified quality and quantity of materials" that Crest would need for completion of the installation contracts. Crest was to receive for its labor services 40% of the total billings that Vonins would issue for a completed job.
Plaintiff maintained that from October 9, 1963 on, in accordance with its contract with Crest, it stored and ware-housed at Crest's place of business all the latter's required supplies. It appears that the agreement between Vonins and Crest was terminated in June 1965, but that Crest had re-delivered to Vonins only a small quantity of the merchandise received under the contract. Vonins asserted that: at the time of the assignment for the benefit of creditors, a large quantity of the materials it had supplied was still stored at Crest's premises; much of this equipment was confiscated therefrom by the taking that occurred on or about November 1, 1965; and the balance thereof was sold at the assignee's sale in spite of plaintiff's demand for the return of the merchandise.
Plaintiff in the Chancery Division sought, inter alia, a declaratory judgment determining the relative rights of plaintiff and Raff to the above noted equipment, and to the proceeds of the assignee's sale which were purportedly in Raff's possession.

I
Preliminarily, we consider Raff's appeal from the interlocutory order denying his motion to dismiss the complaint. Raff argues, as he did below, that the Chancery Division did not have subject matter jurisdiction over the assignment proceeding which had been instituted and which was then pending in the County Court. He urges that the latter court had exclusive jurisdiction and that plaintiff should have sought a "turn-over" or reclamation order in that forum. This point is without substance.
*177 Even if the Chancery Division lacked jurisdiction for the reason urged, defendant was not entitled to a dismissal of the complaint. At best he would have been entitled only to have the cause transferred to the County Court. See Gray v. Cholodenko, 34 N.J. Super. 190, 194 (App. Div. 1955); R.R. 1:27D (a). Further, on this appeal we deem it proper to deal with the meritorious question. See Gray, supra, at 194; R.R. 1:27D (b). See also Nat. Ben Franklin Fire Ins. Co. v. Camden Trust Co., 21 N.J. 16, 24 (1956).
Defendant also argues that the Chancery Division should have dismissed Vonins' complaint because: (1) declaratory relief cannot be given when existing alternative remedies are available; and (2) declaratory relief may be given only when there is a genuine uncertainty with respect to rights, status or other legal relations. Neither of these contentions are meritorious.
The existence of another available remedy does not preclude a judgment for declaratory relief. R.R. 4:92A. See also Nat.-Ben Franklin Fire Ins. Co. v. Camden Trust Co., supra, at p. 23. Whether a court should grant declaratory relief is ordinarily a matter resting in judicial discretion. The interpretation of the 1963 Vonins-Crest agreement and the adjudication of the rights of the parties thereto in the merchandise allegedly delivered to Crest pursuant to that contract were matters well suited for declaratory relief. N.J.S. 2A:16-53 and N.J.S. 2A:16-54. Accordingly, we hold that the trial court did not abuse its discretion in determining that this proceeding was appropriate for the rendering of a declaratory judgment.

II
We next consider Raff's appeal from the final judgment. The assignee urges that the judgment entered by the trial court was against the weight of the evidence and in conflict with the applicable law.
The trial court in part based its determination for plaintiff upon the conclusion that "[s]ince the assignee for the *178 benefit of creditors' rights in this property could be no better than the rights of the assignor, * * * determination of Crest Inc.'s claim to this property necessarily fixes Raff's rights and plaintiff's claim to the proceeds of the assignee's sale." In so doing the court erred.
The assignee for the benefit of creditors not only has the general powers of a successor to his assignor, N.J.S. 2A:19-13, but also is vested with additional powers as the representative of the creditors. N.J.S. 2A:19-14 provides as follows:
"The assignee, in addition to the powers which he may exercise as the successor to the assignor, shall also at all times be the representative of the creditors of the assignor, and shall have the same power to set aside conveyances, and to recover or reach assets for the benefit of the creditors as a creditor would have who was the holder of a judgment and levy against the assignor and his property at the date of the assignment. All conveyances, mortgages and transfers of property, real or personal, made by the assignor, which are void or voidable as against the creditors of the assignor, shall in like manner be void or voidable as against the assignee."
Further under the Uniform Commercial Code, N.J.S. 12A:1-101 et seq., the applicability of which is discussed infra, the assignee for the benefit of creditors has rights equal to those given to actual creditors. N.J.S. 12A:1-201 (12). Raff's powers are not limited by those his assignor possessed.
Therefore the basic question here involved is whether the assignee by virtue of the Uniform Commercial Code has greater rights than plaintiff to the materials delivered pursuant to the 1963 Vonins-Crest agreement. The relevant Code provision, N.J.S. 12A:2-326, in pertinent part provides:
"(1) Unless otherwise agreed, if delivered goods may be returned by the buyer even though they conform to the contract, the transaction is
(a) `a sale on approval' if the goods are delivered primarily for use, and
(b) a sale `or return' if the goods are delivered primarily for resale.
(2) Except as provided in subsection (3), goods held on approval *179 are not subject to the claims of the buyer's creditors until acceptance; goods held on sale or return are subject to such claims while in the buyer's possession.
(3) Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person making delivery, then with respect to claims of creditors of the person conducting the business the goods are deemed to be on sale or return. The provisions of this subsection are applicable even though an agreement purports to reserve title to the person making delivery until payment or resale or uses such words as `on consignment' or `on memorandum.' However, this subsection is not applicable if the person making delivery
(a) complies with an applicable law providing for a consignor's interest or the like to be evidenced by a sign, or
(b) establishes that the person conducting the business is generally known by his creditors to be substantially engaged in selling the goods of others, or
(c) complies with the filing provisions of the Chapter on Secured Transactions (Chapter 9) * * *."
At the outset, it is to be noted that the general policy of the Code requires "good faith not only between the parties" to a commercial transaction, but as against interested third parties" as well. N.J.S. 12A:2-326, Uniform Commercial Code Comment 2. Therefore, subsection (3) of N.J.S. 12A:2-326 is to be construed so as to resolve all reasonable doubts concerning the nature of a commercial transaction in favor of general creditors of one who is deemed a "buyer" in a "sale or return" situation. As against such creditors neither the form of the relevant agreement nor the words used therein are controlling. See Comment, supra. In furtherance of this policy, subsection (1) of the statute establishes a presumption that a "sale" to a "buyer" for resale purposes is a "sale or return." N.J.S. 12A:2-326, New Jersey Study Comment 1. Under subsection (2) of the statute, goods held by a "buyer" pursuant to such a transaction became subject to the claims of the "buyer's" creditors.
The 1963 agreement between Vonins and Crest did not stem from arms-length bargaining. At the time this contract *180 was executed Crest was in financial difficulty. It was then purchasing supplies from, among others, Elite Sales Corp., Inc. The controlling stockholder of Elite conceived a plan which would protect Elite's accounts receivable due from Crest and keep the latter from going into insolvency or bankruptcy proceedings. The result was the formation of plaintiff corporation and the execution of the Vonins-Crest agreement. No security agreement or financing statement was signed by Crest regarding the merchandise delivered to it by Vonins pursuant to the contract.
The fact that the agreement is couched in "subcontractor," as opposed to sales, terminology is not dispositive of the issue here involved. The agreement ostensibly was executed to protect the accounts receivable due the related supplier under its former sales arrangement with Crest. To allow plaintiff to prevail would be to allow Vonins, by the use of this ambiguous contract, to secure an advantage over all innocent creditors of Crest. This is the very evil that the Code seeks to prevent. See N.J.S. 12A:2-326, New Jersey Study Comment 1.
In General Electric Co. v. Pettingell Supply Co., 347 Mass. 631, 199 N.E.2d 326 (Sup. Jud. Ct. 1964) an assignee for the benefit of creditors was held to have a right in certain lamps superior to that of an alleged consignor of the merchandise. There the consignment arrangement was cast in the form of an agency relationship, and the consignor argued that since there was no "sale" or transfer of title to the consignee, the Code provision was inapplicable. The Court stated:
"We disagree with the contention that § 2-326 (3) is inapplicable. That subsection is by its terms concerned with certain transactions which, although they may not be sales under the definition of * * * § 2-106 (1), are nonetheless `deemed to be on sale or return' `with respect to claims of creditors of the person conducting the business * * *.' The subsection specifically states that it is applicable even though the `agreement purports to reserve title to the person making delivery until payment or resale or uses such words as "on consignment" or "on memorandum".' * * *." (at p. 328)
*181 Thus in the case at bar, we adopt the reasoning of the Massachusetts court and conclude that the supply arrangement between plaintiff and Crest, insofar as it may affect the rights of the assignee, in spite of its label, should be deemed a "sale or return," within the purview of N.J.S. 12A:2-326 (3).
Plaintiff argues that the Code is not applicable because Crest did not engage at its place of business in over-the-counter selling of the merchandise delivered by Vonins. In support of this argument, plaintiff points to the provision in N.J.S. 12A:2-326 (3) requiring Crest to have maintained "a place of business at which [it dealt] in goods of the kind involved, under a name other than" Vonins.
This point has no merit. The record clearly indicates that Crest was in business "under a name other than the name of the person making delivery." It is true that Vonins occupied the second floor of Crest's premises and that signs of both Vonins and Crest were displayed on the exterior of the building. However, Edward Lubrano, Crest's Secretary-Treasurer, conceded that no creditor of Crest who was not aware of the relationship between Vonins and Crest would have known that Vonins' operations extended into Crest's area of the confines.
Further we do not deem it to be a prerequisite to Code application that Crest have been engaged at its premises in over-the-counter retail selling of plumbing equipment. Before the 1963 agreement, Crest installed this equipment, purchased from Elite, for various builders and developers. Thereafter, it continued to do the same with the equipment it obtained from Vonins. At all times in which Crest was engaged in operations, it performed the same method of distribution of equipment from manufacturer to ultimate user. Clearly, Crest maintained a place of business at which it dealt "in goods of the kind involved." Even though an overall price would be charged for the installation of the equipment, it cannot be denied that the price of the equipment installed was a distinct component of that consideration. *182 Thus, plaintiff delivered goods to Crest "for sale" to others. That resale need not have been consummated at Crest's premises for the statute to apply.
Having determined that N.J.S. 12A:2-326 (3) applies and that the transaction here involved is to be deemed a "sale or return," we finally consider whether any of the exceptions stated in subsection (3) of the statute are applicable.
New Jersey does not have "an applicable law providing for a consignor's interest or the like to be evidenced by a sign." Hence subsection (3)(a) has no vitality in this State. Nevertheless, the trial court found this subsection to be applicable, since the property was marked as Vonins'. We disagree. The cartons that the goods were stored in were labelled "Vonins." They were not marked "Vonins as consignor," nor did they have thereon any other marking that would indicate the nature of the Vonins-Crest transaction. Nothing on the cartons would alert an innocent creditor that they contained anything other than merchandise already purchased by Crest from Vonins in the usual course of business. Thus we find subsection (3)(a) to be inapplicable.
The trial court also found subsection (3)(b) to be applicable since it felt that the evidence demonstrated "general knowledge" by Crest's creditors that Crest was "substantially engaged in selling the goods" of Vonins. However, the uncontroverted evidence establishes that although Crest's trade creditors, approximately ten in number, may have known of the Vonins transaction, some 55 to 60 of its general creditors did not have such knowledge. This does not support the trial court's conclusion that the Vonins-Crest transaction was "generally known" by Crest's creditors. Consequently, we find that subsection (3)(b) does not apply.
Since it is not denied that the filing provisions referred to in subsection (3)(c) were not complied with, that subsection likewise has no application.
Based upon the above, we conclude that as between plaintiff and defendant, defendant has the superior right to the *183 merchandise sold at public sale and to the proceeds of that sale. We further determine that Raff has a right paramount to Vonins in the merchandise forcibly removed from Crest's place of business to New York. This latter holding does not adjudicate the rights in the New York merchandise as between Raff and any other person asserting a claim thereto.
Reversed and remanded for the entry of judgment in accordance herewith.