119 N.J. Super. 393 (1972)
291 A.2d 849
FLORENCE RANKIN AND RICHARD RANKIN, PLAINTIFFS-RESPONDENTS,
v.
RONALD SOWINSKI, D.D.S., JOSEPH T. RUFF, D.D.S. AND MARK DONNER, D.D.S., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 8, 1971.
Decided June 3, 1972.
*395 Before Judges COLLESTER, MINTZ and LYNCH.
Mr. Harry R. Burton argued the cause for appellants Ronald Sowinski and Mark Donner (Messrs. Burton, Quackenboss & Axelrod, attorneys; Robert T. Quackenboss of counsel).
Mr. John E. Keefe argued the cause for appellant Joseph T. Ruff (Messrs. Cohen, Hoagland, Cohen & Keefe, attorneys).
Mr. Melvin Tolstoi argued the cause for respondents (Mr. William O. Barnes, Jr., attorney).
The opinion of the court was delivered by COLLESTER, P.J.A.D.
Defendants appeal from the denial of their motions for summary judgment in this dental malpractice action.
On January 15, 1969 Florence Rankin (hereafter plaintiff) instituted suit against defendants to recover damages for injuries sustained as a result of the alleged negligence of the defendants. Her husband joined in the suit per quod. In her complaint plaintiff alleged that on February 3, 1964[1] Dr. Ronald Sowinski negligently extracted an impacted wisdom tooth causing an injury to her jaw. She also alleged that Dr. Joseph Ruff on February 6, 1964 and Dr. Mark *396 Donner on February 12, 1964 negligently diagnosed her injury and failed to render proper treatment. Defendants answered denying negligence and raised as a special defense the bar of the statute of limitations, N.J.S.A. 2A:14-2. At the subsequent pretrial conference plaintiff added the charge that defendants fraudulently concealed the fact of her injury and the cause thereof.
Following answers to interrogatories and depositions of the parties, defendants moved for summary judgment of dismissal on the ground that plaintiff's cause of action was barred by the two-year statute of limitations. The court denied the motions and defendants appealed.
The record consists of the pleadings, pretrial order, the interrogatories, and depositions of the parties. Mrs. Rankin testified that Dr. Sowinski extracted her impacted wisdom tooth on February 3, 1964. She said that during the extraction the dentist held the instrument in one hand and gripped her jaw tightly with the other. The hand on her jaw was positioned so as to form a "V" with the thumb and first finger, and Dr. Sowinski kept holding her jaw, applying pressure during the 15-minute period it took to remove the tooth. Two days later, when she began to eat solid foods, she discovered she could not open her mouth wide and that her jaw made a "clicking" noise when she chewed. She testified that she felt an injury had been inflicted upon her by Dr. Sowinski and saw him on February 6. He said the clicking noise was caused by her chewing too much on the right side of her mouth. He recommended that she should consult with Dr. Ruff, an oral surgeon, for his opinion.
Plaintiff testified that she was examined by Dr. Ruff on February 7, 1964. She stated, in answers to interrogatories, that she consulted Dr. Ruff on that day "for the purpose of examining and treating the injury inflicted upon her by Dr. Sowinski." She said that Dr. Ruff heard the clicking noise and told her that the "joint of her jaw" was slipping  that the jaw shifted to the left side. Dr. Ruff recommended wiring her jaw and prescribed a muscle relaxing drug. He *397 told her to return within a week but she did not do so. She also testified Dr. Ruff said "in effect" that there was nothing wrong with her.
On February 14, 1964 Mrs. Rankin was examined by Dr. Mark Donner, an oral surgeon of her own selection. On her first visit Dr. Donner expressed the opinion that the clicking noise was due to a dislocation of the jaw and was caused by pressure having been applied to the jaw area during the extraction. On her second visit, three or four weeks later, Dr. Donner took X-rays of her jaw. He then said that it was not a true dislocation but she had lost fluid in the joint. He recommended cortisone injections to replace the fluid but said it would be painful and he could not guarantee that it would be the answer to the problem. Although she was supposed to return to Dr. Donner she did not do so.
Mrs. Rankin said that the clicking continued but she saw no other doctors or dentists until after she conferred with her lawyer in August 1968. He recommended that she see Dr. Ira Berlove, a dentist in New York City. She was examined by Dr. Berlove on September 12 and 19, 1968. When asked during the deposition hearing what Dr. Berlove's X-rays revealed and when she first realized the probability of malpractice existed, her attorney refused to permit her to answer.
In his deposition Dr. Sowinski said he extracted plaintiff's impacted wisdom tooth on March 3, 1964 but could not recall any complaint by plaintiff thereafter except discomfort which he attributed to the healing process. He referred her to Dr. Ruff to put her mind at ease. Dr. Ruff testified that he saw plaintiff only once, on March 17, 1964. His examination revealed a clicking of the jaw which he said was probably caused by the extraction. He prescribed a muscle relaxing drug and said it was very likely he told plaintiff about a possible wiring of the jaw. Although she was supposed to return in a week plaintiff did not do so. Dr. Donner testified that he examined plaintiff on March 20, 1964, at which time she complained of a clicking of the right *398 temporomandibular joint. On May 4, 1964 he took X-rays and prescribed a muscle relaxing drug. The X-rays revealed a "slight slippage." She was to return on May 18 but did not keep the appointment.
The trial judge found that plaintiff knew she had sustained an injury to her jaw immediately after the extraction in 1964. However, he concluded that the discovery rule enunicated in Fernandi v. Strully, 35 N.J. 434 (1961), was applicable and that the statute of limitations did not accrue until plaintiff realized the nature and extent of her injuries. He held that there were factual issues to be determined at a trial both as to the bar of the statute and the claim of fraudulent concealment by defendants.
Defendants contend here, as they did below, that the testimony shows that plaintiff knew her jaw was injured during the extraction in February or March 1964. They maintain that plaintiff's cause of action accrued on that day and thus was barred by the two-year statute of limitations. They argue that the discovery rule was not applicable to the facts of the case and, if it did apply, the testimony showed that plaintiff discovered she had been injured by Dr. Sowinski within two or three days after the extraction and before she was examined by Dr. Ruff and Dr. Donner. They further contend that there was no evidence of fraudulent concealment on the part of the defendants.
Plaintiff alleges the discovery rule applies because she did not know she had a cause of action until September 1968 when she was examined by Dr. Berlove. She further alleges that defendants fraudulently concealed the malpractice by Dr. Sowinski and such concealment tolled the accrual of the statute of limitations until she discovered the fraud. She argues that factual issues were raised in the interrogatories and despositions which should be determined by a jury and therefore the court properly denied the motions for summary judgment.
The central issue in this case is when plaintiff's cause of action accrued. The statute of limitations, N.J.S.A. *399 2A:14-2, provides that every action for an injury to a person caused by the wrongful act or neglect of another "shall be commenced within two years next after the cause of any such action shall have accrued." In Tortorello v. Reinfeld, 6 N.J. 58, 65 (1950), the court, interpreting the statute, said it was firmly settled that the "accrual" of a cause of action means the time when a right first arises to institute and maintain an invasion of one's rights against the wrongdoer, and that the statutory period is computed from that time.
Several exceptions to the rule have been made by our courts, including the "discovery rule" laid down in Fernandi v. Strully, supra. In that case the evidence indicated that a surgeon during an operation had left a foreign object, a wing nut from a retractor, in the plaintiff's body which was not discovered until more than three years later. The court held that the case fell within a special grouping or class of cases where the period of limitation of the cause of action began to run when the plaintiff knew or had any reason to know about the foreign object and the existence of a cause of action based upon its presence. The discovery rule was also invoked in Yerzy v. Levine, 108 N.J. Super. 222 (App. Div. 1970), mod. 57 N.J. 234 (1970), where a bile duct was severed during an operation, and in Lopez v. Swyer, 115 N.J. Super. 237 (App. Div. 1971), certif. granted 59 N.J. 361 (1971), where the patient did not discover X-ray treatments had been negligently administered until five years later. But see Rothman v. Silber, 90 N.J. Super. 22 (App. Div. 1966), certif. denied 46 N.J. 538 (1966), where the court held the discovery rule did not apply in a malpractice suit brought more than two years after an operation during which negligence in the administration of anesthesia was alleged to have been the cause of plaintiff's injury.
Motions for summary judgment pursuant to R. 4:46-2 do not admit all the well-pleaded facts in a complaint. Summary judgment is not to be denied if other papers pertinent to the motion show palpably the absence of *400 any issue of material fact, although the allegations of the pleadings, standing alone may raise such an issue. Summary judgment procedure pierces the allegations of the pleadings to show that the facts are otherwise than as alleged. Sokolay v. Edlin, 65 N.J. Super. 112, 121 (App. Div. 1961).
A review of the depositions and interrogatories indicates there was no dispute as to the material facts in this case and that it was ripe for summary judgment. Plaintiff knew her jaw had been injured by Dr. Sowinski in February or March 1964, within two or three days after the extraction. The fact that she had been injured was confirmed during her subsequent examinations by Dr. Ruff and Dr. Donner. There is no evidence to support her contention that she did not discover the nature of her injury until she was examined by Dr. Berlove after conferring with her attorney in September 1968. In fact, there was no evidence adduced to show the result of such examination.
We find no authority to support the trial judge's conclusion that lack of knowledge of the extent of the injury tolls the running of the statute. Quite to the contrary, Tortorello v. Reinfeld, supra, states that any wrongful act resulting in an injury to a person, though slight, gives rise to a right to institute an action and the cause of action accrues at that time. 6 N.J. at 65.
Plaintiff cites Lopez v. Swyer, supra, for the proposition that in order for the statute of limitations to run it must be established that she not only knew she had been injured by Dr. Sowinski in 1964 but also knew that the treatment by the dentist was negligent. Lopez holds that where there are factual issues with respect to the knowledge of the injured persons as to the negligent actions of a doctor, summary judgment should be denied. The court, in Lopez, reached that result based on Fernandi v. Strully, supra, and Yerzy v. Levine, supra, where the injured plaintiff could not know he or she had a malpractice claim until discovery of the hidden condition in the body.
*401 Here, within two or three days after the extraction, Mrs. Rankin knew the injury she sustained was caused by Dr. Sowinski. To say that she had to know or be informed that she had a cause of action before the statute would begin to run would be unreasonable. By way of analogy, the statute begins to run against a person struck by an automobile at the time he is hit. He knows he is injured and by whom and that he may have a claim for injuries against the driver of the automobile. It is not necessary for him to know that the driver was negligent in order for his cause of action to accrue. The same standard should apply here. The statute began to run against Mrs. Rankin in February or March 1964, when she knew she was injured and by whom. To accept the premise that the statute did not begin to run until she was advised by her attorney or Dr. Berlove in September 1968 that she had a cause of action for malpractice (which, incidentally, is not supported by the record) would be to disregard the basic policy of repose, which underlies the statute of limitations, thus extending the threat of litigation indefinitely.
Plaintiff also claims the question of whether the statute of limitations was tolled by defendants' fraudulent concealment of her injury and the cause thereof was a matter for determination by the jury. The testimony shows that both Dr. Ruff and Dr. Donner diagnosed plaintiff's condition which they felt required treatment, prescribed medication, and asked her to return. Dr. Ruff told her the clicking was caused by the shifting of her jaw to the left side; Dr. Donner said the injury was caused by pressure applied to the jaw area during the extraction. We find no evidence in the record that Dr. Ruff or Dr. Donner fraudulently concealed from plaintiff knowledge of any condition resulting from any alleged malpractice.
Moreover, concealment presupposes knowledge of a fact and concealment of it from one not in possession of such knowledge. Rothman v. Silber, supra, 90 N.J. Super. *402 at 35. Here plaintiff knew she had been injured by Dr. Sowinski during the extraction before she was examined and treated by Dr. Ruff or Dr. Donner.
We are satisfied that plaintiff's cause of action accrued in February or March 1964. Since she did not institute suit until January 15, 1969, approximately five years later, it was barred by the statute of limitations. The order denying defendants' motions for summary judgment is reversed and the case is remanded for entry of judgment in favor of defendants.
NOTES
[1] The dates of examinations and treatment of plaintiff were changed by amendment of the complaint and pretrial order from February 1964 to March 1964. It is conceded that the change in dates does not affect the issue raised of the bar of the statute of limitations.