127 N.J. Super. 67 (1974)
316 A.2d 68
THEODORE HAMMOND, PLAINTIFF,
v.
BRUCE C. DOAN, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 11, 1974.
*68 Mr. Charles I. Tighe, III for plaintiff (Messrs. Toll, Friedman, Pinsky & Jones, attorneys).
Mr. Charles A. Winkelried for defendant.
RIZZI, A.J.S.C.
This is an auto negligence case in which defendant moves for an order requiring a pretrial hearing and disposition of his second separate defense which alleges that the statutory threshold requirements of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq., (otherwise, No-Fault Law) have not been met by plaintiff and therefore defendant is immune from suit under the statute. Plaintiff urges that the defense is one that *69 can be decided at pretrial only if the facts are undisputed and the issue is one of law such as to authorize summary judgment to be entered.
The primary issue is a procedural one: What procedure should be followed by the court in fixing liability and coverage within the meaning of the statute, when these factors are placed in issue prior to time of trial on the merits of the suit themselves? There are competing considerations which must be dealt with in determining a course of action, and the importance of these considerations must be examined in light of the legislative intent and spirit of the statute in order to determine a proper procedure for disposal of the issues at hand. Defendant wishes to expedite the trial of the issue of his statutory obligation or exemption, and requests a preliminary adjudication thereon. Plaintiff, however, would want any trial of the issues to be full and complete rather than splintered and bifurcated or trifurcated to a piecemeal conclusion. While defendant cites the elimination of congestion of civil calendars as a key element in his motion, his suggested alternative is to divide the issues to be tried by multiplying the trials  an approach which does not appear to result in any substantial decongestion of litigation snarls.
The problem is one which has not been specifically dealt with either by statute or case law. In New Jersey the question as to the timeliness of entertaining and deciding a preliminary dispute based on coverage has not been dealt with within the context of the new No-Fault Law. An examination of the no-fault laws drafted in 11 states shows that none of them has addressed itself to this specific problem. However, an analysis of certain elements of these legislative schemes provides some parallel glimpses of statutory techniques adopted in practical litigation of claims.
The Massachusetts plan, earliest of the no-fault legislative schemes was adopted and went into effect in January 1971. The only definitive decision on its validity was Pinnick v. Cleary, Mass., 271 N.E.2d 592, 42 A.L.R.3d 194, in which *70 the constitutionality of the no-fault scheme was upheld on several fronts. However, Massachusetts has provided for recovery for pain and suffering only if certain circumstances are present. There is no specific test of the sufficiency of the complaint as to pain and suffering; it appears that it is sufficient if plaintiff merely alleges in his declaration the existence of one or more grounds for pain and suffering recovery. If, after a trial of the issue, he has failed to prove existence of the alleged ground, presumably the court would instruct the jury to return no verdict for pain and suffering. Acts of 1970, chapter 670, section 34M, Laws of Massachusetts. Thus, the Massachusetts legislature did not provide for a preliminary hearing of some kind in order to test the sufficiency of a plaintiff's allegations of pain and suffering, but rather relegates the issue to the trial itself and appropriately deals with it at that stage.
In Connecticut the remedy of declaratory judgment is specifically provided for in order to determine the amount of basic reparations benefits as due and owing between the insurer and the insured. Where the insured notifies his own insurance company of a course of rehabilitative treatment which he is taking due to his accident, and the insurer does not accept responsibility promptly for its cost, plaintiff can move in court in an action to adjudicate his claim, which action shall be privileged, for a determination that the insurer is responsible for the cost of the rehabilitation program. A privileged action can also be brought by the insurer in response to such a claim by the insured. Public Act 273, section 19, Laws of Connecticut. In addition, section 19 provides for the availability of a declaratory judgment action by either party for relief under other provisions of the law; for example, to test the constitutionality of the no-fault statute, as was done in Pinnick v. Cleary, supra, and Grace v. Howlett, 51 Ill.2d 478, 283 N.E.2d 474 (Sup. Ct. 1972), wherein the plan of Illinois was declared unconstitutional.
These two instances were the only specific statutory authority dealing with the problem of how the court should *71 proceed when presented with a preliminary attack upon the very pleadings and their sufficiency. Massachusetts deals with an attack upon the alleged pain and suffering only at actual trial, and permits the issue to be aired fully only when the parties' day in court has arrived. In Connecticut the device of declaratory judgment can be employed by parties to define their rights and liabilities where questions of paying for rehabilitation measures and other actions of the parties are concerned. The litigation of these questions has not revealed any patterns of judicial solution, since there is no record of appellate or trial court consideration of these precise points. It should be pointed out that almost all of the no-fault states, including New Jersey (N.J.S.A. 39:6A-13), provide for extensive discovery measures to determine and clarify the status of all parties concerned and to position them for purposes of litigation and proper joinder of those parties within the purview of the statute. Although such discovery is extremely valuable, there is still nothing in the statutes addressed to the suggested procedures which courts should follow in determining the preliminary coverage questions where the availability of an action against a third party under the "no-fault" statute is in issue; these are cases where dispute exists notwithstanding the utilization of discovery techniques, and courts must accordingly fashion appropriate remedies in terms of the competing considerations of the parties, the mandate of the Legislature, and the promotion of judicial efficiency.
The possibility of seeking a declaratory judgment, N.J.S.A. 2A:16-50 et seq., to determine the status of the parties should be considered. N.J.S.A. 2A:16-53 specifically provides this remedy in cases where "rights, status or other legal relations are affected by a statute." Declaratory judgment actions require that a justiciable controversy be present, Unsatisfied Claim and Judgment Fund Bd. v. Concord Ins. Co., 110 N.J. Super. 191 (Law Div. 1970), and that the parties thereto assert the present infringement of legal rights, Union Cty. Bd. of Chosen Freeholders v. Union *72 County Park Comm'n, 77 N.J. Super. 425 (Law Div. 1963), rev'd on other grounds 41 N.J. 333 (1964). In questions of coverage in insurance cases, the declaratory judgment is a device often used to determine the extent of such coverage, Travelers Ins. Co. v. Tymkow, 91 N.J. Super. 184 (App. Div. 1966); Hartford Accident and Indemnity Co. v. Selected Risks Indemnity Corp., 65 N.J. Super. 328 (App. Div. 1961); Unsatisfied Claim and Judgment Fund Bd. v. Concord Ins. Co., supra. However, this present matter is not an action to define coverage, or even to construe a statute, since there has been presented no challenge by either party to the proper interpretation of the statute. While the declaratory judgment remedy ought not be denied lightly where a justiciable controversy exists within the statute, Union Cty. Bd. of Chosen Freeholders, supra, it still remains a matter to be determined within the vested discretionary power of the trial judge. Vonins Inc. v. Raff, 101 N.J. Super. 172 (App. Div. 1968). While it is true under R. 4:42-3 that a declaratory judgment action is not precluded by the existence of an alternative form of relief, there is ordinarily no reason to involve its provisions where another adequate remedy is available. Rego Industries Inc. v. American Modern Metals Corp., 91 N.J. Super. 447 (App. Div. 1966). The purpose of the declaratory judgment is to provide a means for adjudicating rights in cases involving controversy that has not yet reached the state at which either party may seek a coercive remedy.
In this instance defendant asserts that his defense of immunity from suit should be given a speedy trial for an early determination of his rights. The availability of summary judgment under R. 4:46 is a more appropriate remedy than declaratory judgment, since there appears to be no real dispute as to the facts, but rather differences in interpretation of the law. A motion for summary judgment does not admit all well-pleaded facts and should be granted if the rest of the record, including depositions and interrogatories, demonstrates the absence of a material and genuine factual dispute, *73 Rankin v. Sowinski, 119 N.J. Super. 393 (App. Div. 1972). Given the broad powers of statutory discovery under New Jersey's No-Fault Law, N.J.S.A. 39:6A-13, ample opportunity to determine whether there are differences as to material facts does exist.
A motion for summary judgment appears to be the most fair-minded and economical method for a preliminary adjudication of a claim of immunity under the statute. If, indeed, there is no basis for plaintiff's claim against defendant, then justice is served by a prompt determination of the existence of such a claim, and by disposal of a misdirected suit at this early juncture. If, however, there is a dispute as to material facts involved, then defendant is entitled to his day in court when his turn is called, and is not entitled to the extra consideration of a plenary hearing on his separate defense prior to any full trial of the entire issue. At the trial all arguments can be permitted and the questions of applicable law can be put to the facts found by a jury.
If the jury returns such findings as to indicate that the threshold requirements have not been met the court will enter judgment for defendant and plaintiff will be left to pursue his no-fault remedies.
Defendant's motion for a separate trial of his defense of immunity is denied.