603 A.2d 170

JEROME DICKEY v. JEANETTE CADY, ERIC COLLINS, MOUSTA-FA MOE (NAME BEING FICTITIOUS), LIBERTY MUTUAL IN-SURANCE COMPANY, COMMISSIONER OF INSURANCE AND THE UNSATISFIED CLAIM AND JUDGMENT FUND BOARD.

Superior Court of New Jersey
Law Division Essex County

Decided November 12, 1991.

*Arnold Simon* for plaintiff (*Solomon & Simon,* attorneys).

*Robert D. Farber* for defendants (*Gertler & Hanna,* attorneys).

FUENTES, J.S.C.

This is a motion for summary judgment by The Unsatisfied Claim and Judgment Fund Board (fund). Plaintiff, Jerome Dickey, was injured while riding in a stolen car. The issue presented is whether plaintiff's plea of guilty to riding in a vehicle without the owner's permission pursuant to *N.J.S.A.* 2C:20–10b disqualifies him from receiving benefits from the fund. Plaintiff asserts that he merely pleaded guilty to get out of jail and that, at the time of the accident, he was unaware the vehicle had been stolen.

The facts are summarized from the pleadings, briefs and supporting documents. On April 2, 1989, Jeannette Cady reported the theft of her vehicle, a 1987 Buick. Later that day the vehicle was involved in a one-car accident. A witness

reported that the vehicle made a left turn at a high rate of speed, lost control and struck a tree. Plaintiff, Jerome Dickey, was removed from the front passenger seat and taken to the hospital for internal injuries. While at the scene, Newark police learned that the vehicle was the same one Cady had reported stolen. Officers proceeded to the hospital to arrest the occupants. At the hospital the driver, Robert Michaels, and the rear passenger, Harry Drakeford, refused medical treatment and left. Dickey, however, while being attended, was arrested and charged with participating in the theft of Cady's vehicle. On September 27, 1990, Dickey, Michaels and Drakeford were all indicted for receiving stolen property, pursuant to *N.J.S.A.* 2C:20–7, a third-degree offense. Dickey was released after the original arrest but rearrested following the indictment.

On April 1, 1991, Dickey filed a personal injury complaint against the owner and operator of the vehicle. In the complaint, Dickey alleged that at the time of the accident he was not covered by any personal injury policy or automobile insurance policy. He also alleged that Cady's vehicle was uninsured. On April 4, 1991, Dickey pleaded guilty to an amended indictment charging him with the unlawful taking of a means of conveyance, a petty disorderly persons offense under *N.J.S.A.* 2C:20–10(b). Following the plea, Dickey was released from custody. On April 11, 1991, he was given a 30–day jail sentence with credit for time spent.

According to *N.J.S.A.* 39:6–70(c), a person is disqualified from recovering any monies from the fund if at the time of the accident he was: (1) operating or riding in a motor vehicle which he had stolen or participated in stealing, or (2) operating or riding in a motor vehicle without the permission of the owner. Eligibility for benefits under the statute is assessed upon "application for payment of judgment." Plaintiff claims that summary judgment would be premature at this time because this statute applies to judgments and he is not now seeking payment on a judgment.

█ It is well settled that summary judgment may be entered as to any issue of liability before trial. *R.* 4:46–2; *Judson v. Peoples Bank & Trust Co. of Westfield,* 17 *N.J.* 67, 110 *A.*2d 24 (1954). The existence of a statutory remedy after judgment does not prevent a party from having its ultimate liability determined before trial. *Vonins, Inc. v. Raff,* 101 *N.J.Super.* 172, 243 *A.*2d 836 (App.Div.1968); *Unsatisfied Cl. & Judg. Fd. Bd. v. Concord Ins.,* 110 *N.J.Super.* 191, 264 *A.*2d 757 (Law. Div.1970); *See also R.* 4:42–3. Certainly the fund should not be obligated to defend a claim only to find out later that it had no responsibility to do so in the first place. As the court stated in *Concord Ins., supra:*

> The more desirable and efficient practice would be to allow the fund to have its ultimate liability determined before the actual trial. This would avoid improper control, unnecessary delay and useless litigation.... When a claim is made which the fund feels is without merit, for whatever reason, it should not be rendered powerless to correct the situation until after a judgment is entered against it. [110 *N.J.Super.* at 199, 264 *A.*2d 757]

█ There is no doubt that summary judgment is an appropriate remedy where there is no factual dispute and all that remains is a question of law. *See Judson v. Peoples Bank & Trust Co. of Westfield, supra.; Monturi v. Englewood Hosp.,* 246 *N.J.Super.* 547, 588 *A.*2d 408 (App.Div.1991); *Swartz v. Becker,* 246 *N.J.Super.* 406, 587 *A.*2d 1295 (App.Div.1991); *Hammond v. Doan,* 127 *N.J.Super.* 67, 316 *A.*2d 68 (Law Div.1974). In *Doan* the court concluded that "[a] motion for summary judgment appears to be the most fair-minded and economical method for a preliminary adjudication" of a claimant's eligibility for no-fault insurance benefits. *Id.* at 73, 316 *A.*2d 68. Similarly, summary judgment would be an appropriate method to preliminarily determine a claimant's eligibility for monies from the fund under *N.J.S.A.* 39:6–70(c).

█ Plaintiff's next contention that he pled guilty merely to get out of jail is completely without merit. In New Jersey, a plea of guilty may not be accepted unless the court has satisfied itself that there is a factual basis for the plea. In addition, the plea must be made voluntarily and intelligently with an

understanding of the nature of the charge and the conse-
quences of the plea. *R.* 3:9–2; *State v. Kiett,* 121 *N.J.* 483, 582
*A.*2d 630 (1990); *State v. Thomas,* 61 *N.J.* 314, 294 *A.*2d 57
(1972); *State v. Huntley,* 129 *N.J.Super,* 13, 322 *A.*2d 177
(App.Div.1974). A defendant is entitled to fairness and protec-
tion of basic rights. *State v. Thomas, supra,* 61 *N.J.* at 322,
294 *A.*2d 57. However, "a defendant attacking a guilty plea
has little to lose and his contentions should be assessed with
great care and realism." *Id.* at 365, 294 *A.*2d 57. Neither a
belated assertion of innocence nor a whimsical change of mind
should upset an otherwise validly entered plea. *North Car-
olina v. Alford,* 400 *U.S.* 25, 91 *S.Ct.* 160, 27 *L.Ed.*2d 162
(1970); *State v. Huntley, supra,* 129 *N.J.Super.* at 18, 322 *A.*2d
177.

Plaintiff, Jerome Dickey, has made no motion to withdraw his
guilty plea. *See R.* 3:9–3(e) and *R.* 3:21–1. In the event he is
successful in attacking his plea in this case, he would be eligible
for benefits from the fund pursuant to *N.J.S.A.* 39:6–69 *et seq.*
These benefits include compensation for personal injury, medi-
cal expenses and lost wages. If Dickey is not successful in
challenging his plea, *N.J.S.A.* 39:6–70(c) would disqualify him
from receiving any benefits. Here I find that Dickey's belated
assertion that he pled guilty to get out of jail is unconvincing.
I am particularly skeptical of a belated attack on a guilty plea
that results, if successful, in plaintiff obtaining an otherwise
unavailable civil remedy. Dickey was represented by presum-
ably competent counsel when he pleaded guilty. At his plea
hearing, Dickey said he was "joyriding without the permission
of the owner of an automobile." He acknowledged that it was
a 1987 Buick, the very same vehicle stolen from Cady. Addi-
tionally, he signed a written plea form admitting his guilt.

There is no question that a defendant's guilty plea is
admissible evidence in a civil action. *Eaton v. Eaton,* 119 *N.J.*
628, 643, 575 *A.*2d 858 (1990); *Liberatori v. Yellow Cab. Co. of
Philadelphia,* 35 *N.J.Super.* 470, 477, 114 *A.*2d 469 (App.Div.

1955); *Mead v. Wiley Methodist Episcopal Church,* 23 *N.J.Super.* 342, 349, 93 *A.*2d 9 (App.Div.1952). "In particular, guilty pleas to traffic offenses are admissible in civil suits to establish liability arising from the same occurrence." *Eaton v. Eaton, supra,* 119 *N.J.* at 644, 575 *A.*2d 858. And here, Dickey's plea of guilty is sufficient, persuasive evidence that he was riding in a vehicle without the owner's permission at the time of the accident. This is precisely the kind of case disqualified from eligibility for monies from the fund. This is also the kind of case suitable for preliminary adjudication.

The primary purpose of the unsatisfied judgment fund law is to provide some measure of relief to persons who sustain losses or injury at the hands of financially irresponsible automobile drivers. *Douglas v. Harris,* 35 *N.J.* 270, 279, 173 *A.*2d 1 (1961); *Wormack v. Howard,* 33 *N.J.* 139, 143, 162 *A.*2d 846 (1960); *Lopez v. Santiago,* 120 *N.J.Super.* 394, 294 *A.*2d 272 (1972), rev'd on other grounds 125 *N.J.Super.* 268, 310 *A.*2d 500 (App.Div.1973). "The Statute is to be liberally construed to advance the remedy, due regard being had to the protection of the fund against fraud and abuse...." *Douglas v. Harris, supra,* 35 *N.J.* at 279, 173 *A.*2d 1. Before coverage is extended, the claimant "must clearly demonstrate that he is a member of the class for whose benefit the Fund was established." *Wormack v. Howard, supra,* 33 *N.J.* at 143, 162 *A.*2d 846.

A result that would permit plaintiff in this case to receive benefits from the fund would thwart the intended purpose of this legislation. *Feliciano v. Oglesby,* 102 *N.J.Super* 378, 392, 246 *A.*2d 63 (Law Div.1968). The fund was not intended to give financial relief to those whose own wrongful conduct contributed to their injuries. Here, plaintiff, who admits riding in a vehicle without the owner's permission, is not a person intended to be protected under the statute. Moreover, I find it contrary to the public interest to permit insurance protection from the fund for injuries to a claimant resulting from the consequences of his own willful criminal act. *See Ruvolo v. American Cas. Co.* 39 *N.J.* 490, 496, 189 *A.*2d 204 (1963); *N.J. Manufactures*

*Insurance Co. v. McDermott,* 201 *N.J.Super.* 251, 492 *A.*2d 1115 (Law Div.1985).

Accordingly, I find that defendant's knowing and voluntary guilty plea to riding in a car without the owner's permission is sufficient, compelling evidence to justify dismissal of plaintiff's complaint against the fund for injuries related to his presence in a stolen car. Determining liability at this point will avoid unnecessary delay, expense and useless litigation.

As there is no genuine issue of a material fact remaining, the motion for summary judgment dismissing plaintiff's complaint against the Unsatisfied Claim and Judgment Fund Board and the Commissioner of Insurance is granted.