GERALD EATON, EXECUTOR OF THE ESTATE OF SANDRA EATON, DECEASED, PLAINTIFF–APPELLANT, v. DONNA EATON, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 8, 1988—Decided June 30, 1988.

Before Judges FURMAN, BRODY and LONG.

*Sharon Handrock Moore* argued the cause for appellant (*Gebhardt & Kiefer*, attorneys, *Sharon Handrock Moore* and *Richard P. Cushing* on the brief).

*Mary Adele Hornish* argued the cause for respondents (*Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski*, attorneys).

The opinion of the court was delivered by

FURMAN, P.J.A.D.

Plaintiff, executor of the estate of Sandra Eaton, appeals from a jury verdict in favor of defendant, daughter of Sandra Eaton, in a wrongful death action arising out of a single vehicle highway accident. We affirm in part and reverse and remand in part based upon plain errors in the jury charge.

The Eatons, mother and daughter, were driving westbound on Mendham Road in Morris Township on May 10, 1984, approaching midnight. Their car left the narrow two-lane road at a right hand curve, struck a guardrail, flew into the air and landed on its roof about 50 feet from the road. Sandra Eaton was severely injured and died five days later in the hospital. Upon questioning there by the investigating police officer, she stated that her daughter had been driving but that she could not remember the details of the accident.

In her initial statement to the police, also at the hospital, defendant Donna Eaton denied that she had been driving. According to her, a dark colored Chevrolet Nova, with a license plate including the letters L and N and a dent on the passenger door, met their car virtually head-on; after swerving twice her mother lost control and skidded off the road. Notwithstanding her denial that she had been driving, defendant was issued a summons and pleaded guilty to the motor vehicle violation of careless driving, *N.J.S.A.* 39:4–97. At the trial of the wrongful death action, defendant testified that she had no recollection of the accident or of making a statement to the police.

The police investigation failed to confirm a so-called phantom car. Other tire marks in the roadway were related to a previous accident. Based upon their examination of the accident scene and the physical facts there revealed, both investigating police officers concluded that the Eaton car was not forced off the road by a phantom car traveling eastbound in the westbound lane.

The trial judge charged the jury generally that it had the right to draw reasonable inferences from the evidence. The first issue submitted to the jury was whether Donna Eaton was the driver of the vehicle at the time of the accident. If the answer to that interrogatory was in the negative, the jury was instructed to end its deliberations and to report its verdict. But the jury answered that interrogatory "yes," a factual resolution which is not appealed from.

In defining negligence, the trial judge did not instruct the jury that, if it found that defendant was driving and that she was not forced off the road by a phantom car which met her head-on in the westbound lane, it might draw an inference of negligence from the circumstances of the accident. There was no request to so charge, and the trial judge did not charge *sua sponte* the permissibility of such an inference. Later, in response to an exception to the charge by defendant's attorney, the trial judge instructed the jury: "So, the law indicates that

the fact that an accident occurred in and of itself does not provide any basis for liability."

From the physical circumstances, if the jury discounted defendant's immediate post-accident explanation of a phantom car, it may have inferred that defendant was driving at an unreasonably safe speed or failing to maintain the control of her car that a reasonably prudent driver would have maintained. Yet it was not instructed that it could draw such an inference. To the contrary, jurors of ordinary comprehension may have understood from the charge that the jury was foreclosed from drawing an inference of negligence from the circumstance of the accident itself.

*Vespe v. DiMarco*, 43 *N.J.* 430 (1964), is the controlling authority. The omission of a jury charge of a permissible inference from the circumstances of an accident, coupled with a general instruction that the occurrence of an accident does not bespeak negligence, is plain error. In *Vespe*, defendant skidded off a highway which had snow patches on it and struck a State Trooper who was walking on the shoulder. Defendant had no explanation other than his losing control. The Supreme Court stated at 438–439:

> Immediately thereafter [the trial judge] gave this specific declaration:
>
> "Members of the jury, negligence is never presumed, it must be proved. The mere happening of a collision or the sustaining of injuries is not in and of itself evidence of negligence. * * * "
>
> That statement, in the light of the proof in the case and defense counsel's summation, and because of its location in the charge after the reference to defendant's skidding, not only did not instruct the jury on the theory of *res ipsa loquitur*, it affirmatively excluded the relevant inference of negligence from their consideration. Thus having been advised they must follow the law as given by the court, they were now told they could not infer negligence from the fact that defendant's skidding car struck the faultless plaintiff. Such a positive deprivation of an important benefit to which plaintiff was entitled and on which his case depended in substantial measure, was not just error; it was more than that. It injuriously affected a substantial right of the plaintiff and possessed a clear capacity to bring about an unjust result. Therefore, it was plain error.
>
> We do not believe a trial judge discharges his burden fully when he fails to instruct the jury on the doctrine of *res ipsa loquitur* and its effect on the case when it is clearly applicable. In such cases he should advise the jury that from

the evidence introduced by the plaintiff as to the manner in which the accident happened, they may infer causative negligence on the part of the defendant.

On this appeal, plain error was compounded by the trial judge's charge dealing with defendant's careless driving plea of guilty. He repeated that charge in response to a jury question during its deliberations: "Please review the law on what constitutes negligence and how if at all it relates to careless driving." That charge was:

In this particular case, the plaintiffs assert that the defendant violated the statute in our Traffic Act entitled Careless Driving.

That statute states a person who drives a vehicle on a highway carelessly or without due caution and circumspection in a manner so as to endanger or be likely to endanger a person or property shall be guilty of careless driving. This statute sets up a standard of conduct for the users of our streets and highways.

If you find the defendant violated that standard of conduct such violation is evidence to be considered by you in determining whether negligence as I have defined that term for you has been established.

You may find that such a violation constituted negligence on the part of the defendant, Donna Eaton or you may find that it did not constitute negligence.

By that charge, the trial judge misstated the law. His misstatement had a clear capacity to affect the jury outcome, because of the necessarily resulting confusion detrimental to plaintiff. A violation of the careless driving statute was not merely evidence of negligence; it was negligence. When a motor vehicle statutory violation coincides with a duty enforceable as a matter of tort law, here the duty to drive with reasonable care, language that a motor vehicle violation is evidential only and not conclusive of negligence should not be charged to the jury. That language is appropriate only when the statutory violation e.g., not exceeding a speed limit, is not identical to and does not coincide with the duty enforceable under tort law, that is in that instance, the duty to drive at a reasonably safe speed.

As the Supreme Court stated in *Dolson v. Anastasia*, 55 *N.J.* 2, 10–11 (1969):

It is elementary that a following car in the same lane of traffic is obligated to maintain a reasonably safe distance behind the car ahead, having due regard to the speed of the preceding vehicle and the traffic upon and condition of the highway. *Stackenwalt v. Washburn*, 42 *N.J.* 15, 30 (1964). Failure to do so

resulting in a collision, *is* negligence and a jury should be so instructed. *N.J.S.A.* 39:4–89, when it provides that "[t]he driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the preceding vehicle and the traffic upon, and condition of, the highway", merely incorporates the common law standard into the motor vehicle law to authorize penal sanctions for a violation. This does not mean, however, that such conduct is only *evidence* of negligence because it violates a statute.

We affirm the jury determination in its answer to a special interrogatory that Donna Eaton was the driver of the car involved in the single vehicle accident. That issue was fairly tried between the parties; the jury resolution of it is not cross-appealed from by defendant. We otherwise reverse and remand for further proceedings not inconsistent herewith.