575 A.2d 858

GERALD ROBERT EATON, EXECUTOR OF THE ESTATE OF SANDRA EATON, PLAINTIFF–RESPONDENT, v. DONNA EATON, DEFENDANT–APPELLANT.

Argued March 12, 1990—Decided June 26, 1990.

*Mary Adele Hornish* argued the cause for appellant (*Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski,* attorneys).

*Sharon Handrock Moore* argued the cause for respondent (*Gebhardt & Kiefer,* attorneys).

The opinion of the Court was delivered by

POLLOCK, J.

This appeal involves a wrongful-death action arising out of a one-car accident. Plaintiff, Gerald Eaton, husband of Sandra Eaton and the executor of her estate, instituted the action against Donna Eaton, his daughter. At issue are questions concerning the application of *res ipsa loquitur,* the evidentiary effect of a violation of the careless-driving statute, *N.J.S.A.* 39:4–97, and the admissibility of a guilty plea to that violation. On a jury finding that Donna was not negligent, the Law Division entered a judgment for her. The Appellate Division

reversed and remanded. 226 *N.J.Super.* 62, 543 *A*.2d 485 (1988). We granted certification, 117 *N.J.* 626, 569 *A*.2d 1330 (1989), and now affirm.

–I–

The accident occurred around midnight on May 10, 1984, on Route 24, a two-lane highway also known as Mendham Road. Donna and Sandra were returning from Newark to their home in Long Valley. The weather was clear, and the road dry. At the point of the accident, Route 24 curves downward to the left. As the car approached the end of the curve, it left the road, struck a guardrail, flew about fifty feet in the air, collided with some trees, and landed on its roof. The damage was minimal on the driver's side, but heavy on the passenger's side.

When Morris Township Police Officer Scott Burns arrived, the car was overturned, the roof crushed, and Sandra was lying on the roof interior. Her head rested on the driver's side, and her feet were caught in the passenger footwell, which collapsed on impact. The impact smashed the passenger door shut, rendering it inoperable. A rescue squad extricated Sandra, and took her to Morristown Memorial Hospital. Donna's shoe was wedged under the brake pedal.

Donna, who was outside the car when Officer Burns arrived, sustained only minor injuries. She denied that she had been the driver, a denial she repeated to Burns later that morning at the hospital. She vividly recalled the accident, stating to Burns that her mother had swerved to avoid a head-on collision with a vehicle coming at them in their lane. Although the vehicle had not stopped, Donna recalled that it was a dark-colored Chevrolet Nova, with a small dent on the passenger side, and license plates that included the letters "L" and "N."

Sandra, however, told Burns that Donna had been the driver. When Burns interviewed them together, each stated that the other had been driving. Donna became angry, insisting that

Sandra had been driving, whereupon Sandra said that she did not remember who was driving.

Burns concluded that Donna had been the driver. The evidence supporting that conclusion included the facts that her shoe was wedged under the brake pedal, the minimal damage to the driver's side, the heavy damage to the passenger's side, the correlation of that damage to the injuries sustained by Sandra, the lack of injury to Donna, Sandra's position in the car, and her assertion that Donna had been driving. Consequently, on May 11, 1984, Burns issued to Donna a summons for careless driving in violation of *N.J.S.A.* 39:4-97.

Officer Burns disbelieved Donna's story about the "phantom vehicle." He found her detailed description inconsistent with the assertion that the other car had approached the Eaton's vehicle head-on and that the lighting conditions at the scene were poor. In addition to the tire marks left by the Eaton vehicle, the police found a second set of tire marks at the scene. Because the second set of tire marks was old and faded, the police rejected the possibility that those marks were attributable to the "phantom vehicle."

On June 21, 1984, without entering a court appearance, Donna pled guilty to careless driving and paid a $60 fine to the Morris Township Municipal Violations Bureau.

At trial, plaintiff's case on liability consisted of testimony by the police officers and evidence of Donna's guilty plea to the careless-driving charge. Donna, the only defense witness on liability, could not recall anything about the accident.

Thus, the posture of the proofs at the close of the trial was that the jury could accept one of two versions of the happening of the accident. The first was Donna's version that at the time of the accident her mother had been the driver, and that the accident had been caused by the "phantom vehicle." The second version, supported by the police investigation, Sandra's statement, and the physical evidence, was that Donna had been the driver, and that no other vehicle had been involved. Al-

though other explanations theoretically might have existed, none was advanced by the parties.

In its charge, the court explained that it would ask the jury to answer five questions. The first question required the jury to determine whether Donna had been the driver. If it so found, the jury was then to determine whether she had been negligent. The last three questions related to issues of proximate cause and damages, issues that the jury did not reach because it found Donna not to have been negligent.

When charging the jury on negligence, the court stated:

Negligence is defined as a failure to exercise in given circumstances that degree of care for the safety of others which a reasonably prudent person would exercise under the same or similar circumstances.

Negligence may be the doing of an act which the reasonably prudent person would not have done or it may be the failure to do that which the reasonably prudent person would have done under the circumstances then existing.

Negligence is a departure from that standard of care. By a reasonably prudent person is meant not the most cautious person nor one who is unusually bold but rather a person of reasonable caution and prudence.

In the context of this particular case we know that we're dealing with the operation of a motor vehicle. And in that respect I charge you that when people drive motor vehicles on the roads of our state they have certain rights and assume certain obligations and responsibilities. They have the right to enjoy the streets and highways, but they must make proper and lawful use of this right. They must use it with reciprocal rights for others.

They must use their rights as to not negligently injure other persons that are lawfully on the highway or passengers in a motor vehicle. This simply means that the driver of an automobile is under the duty of exercising for the safety of others that degree of care, precaution and vigilance in the operation of the car which a reasonably prudent person would exercise under similar circumstances.

It has sometimes been defined as care commensurate with the risk of danger. Thus a driver of an automobile is required to use reasonable care in the control, management and operation of the automobile. The driver is required to make such observation and to exercise such judgment to avoid collision or injury to others. As a reasonably prudent person would have done in the circumstances.

Negligence then is the failure to adhere to that standard of conduct. In this particular case, in support of the charge of negligence on the part of Donna Eaton, the plaintiff asserts that Donna Eaton violated one of the provisions of the traffic laws of the State of New Jersey. And this provision is known as the statute prohibiting careless driving.

That particular statute [*N.J.S.A.* 39:4-97] reads, "A person who drives a vehicle on a highway carelessly or without due caution and circumspection in a

manner so as to endanger or be likely to endanger a person or property shall be guilty of careless driving."

Now, this particular statute sets up a standard of conduct for the users of our streets and highways. If you find that the defendant has violated that standard of conduct, assuming you have found her to be the operator, such violation is evidence to be considered by you in determining whether negligence as I have defined that term to you has been established.

You may find that such violation constituted negligence on the part of the defendant or you may find it did not constitute negligence. Your finding on this issue may be based on such violation alone, but in the event that there is other or additional evidence bearing on that issue you will [consider] such violation together with all such additional evidence in arriving at your ultimate decision as to the defendant's negligence.

At the request of defense counsel and over the objection of plaintiff's counsel, the court further charged: "So, the law indicates that the fact that an accident occurred in and of itself does not provide any basis for liability. Liability has to be proven by the party who asserts a particular issue."

Apparently confused about the relationship between a violation of the careless driving statute and negligence, the jury submitted the following request: "Please review the law on what constitutes negligence, and how, if at all, it relates to careless driving."

In response, the court repeated its earlier charge on negligence, and again undertook to explain the effect of a violation of the statute on the issue of negligence. Initially, the court repeated the terms of *N.J.S.A.* 39:4–97 and its statement that a violation of the statute is evidence of negligence.

The court continued:

You as the jury have the right to consider whether there was careless driving on the part of the operator of the vehicle in this case. In consideration of that particular issue you are not bound by any summons that was issued in this matter. You do have the right to consider that the summons was paid by Donna Eaton, and therefore, a guilty plea was entered to that particular charge. But independent of that you have the right to make a determination as to whether there was careless driving.

In making that determination on the issue of careless driving as a matter of law *if you decide there was careless driving as the statute defines it then that would be negligence.*

If you decide that there was not careless driving under the law from the facts that have been presented to you in this particular case, then you still have to consider whether there was negligence because careless driving in the context of this case is an element or can be considered as an element of negligence.

So it isn't necessary to find one in order to find the other. But if you do find that there was careless driving, then that would be negligence under the law. [Emphasis added.]

To summarize, the court generally charged the law of negligence, stated that the mere occurrence of an accident did not give rise to an inference of negligence, and explained variously that a jury finding of a violation of *N.J.S.A.* 39:4-97 was both evidence of negligence and negligence itself. Plaintiff's counsel did not request a *res ipsa loquitur* charge. Hence, the court did not charge that if the jury found that Donna had been driving and had not been forced off the road by the phantom car, it might draw an inference of negligence from the circumstances. The jury found that Donna had been driving, but that she had not been negligent. On appeal, defendant urges that the trial court's failure to charge *res ipsa loquitur* did not constitute plain error. *R.* 2:10-2.

–II–

When appropriate, a *res ipsa loquitur* charge can aid a jury in determining the issue of negligence. In the absence of a specific request, however, the omission of such a charge is not necessarily plain error. *Vespe v. DiMarco,* 43 *N.J.* 430, 439, 204 *A.*2d 874 (1964). Plain error occurs in a *res ipsa* case when that omission is linked with a charge that forecloses the jury from drawing the permissible inference of negligence. *Id.* at 438, 204 *A.*2d 874. Hence, our task is to determine whether the present case meets the test for the application of *res ipsa loquitur* and, if so, whether the charge foreclosed the jury from drawing an inference that Donna had been negligent.

Under the rule of *res ipsa loquitur,* a jury may draw a permissible inference of negligence from the circumstances surrounding certain accidents. *Id.* at 439, 204 *A.*2d 874. In a

sense the rule, which means "the thing speaks for itself," *Brown v. Racquet Club of Bricktown*, 95 *N.J.* 280, 288, 471 *A.*2d 25 (1984); *Black's Law Dictionary* 1173 (5th ed. 1979), recognizes that an inference of negligence that will support a verdict in a negligence action may be drawn from circumstantial evidence, *Lorenc v. Chemirad Corp.*, 37 *N.J.* 56, 70, 179 *A.*2d 401 (1962); *accord Fields v. Morgan*, 39 *Md.App.* 82, 87 n. 5, 382 *A.*2d 1099, 1102 n. 5 (1978) *("res ipsa loquitur* is nothing more than a label that is attached to certain situations where the mere occurrence of an accident furnishes enough circumstantial evidence to allow a jury to draw an inference of negligence"); 2 F. Harper, F. James, & O. Gray, *The Law of Torts* § 19.5 at 27 (1986) (Harper, James, & Gray). Application of the rule depends on satisfaction of three conditions:

> (1) the accident which produced a person's injury was one which ordinarily does not happen unless someone was negligent, (2) the instrumentality or agent which caused the accident was under the exclusive control of the defendant, and (3) the circumstances indicated that the untoward event was not caused or contributed to by any act or neglect on the part of the injured person. [*Lorenc, supra,* 37 *N.J.* at 70, 179 *A.*2d 401.]

When the rule applies, it permits an inference of negligence that can satisfy the plaintiff's burden of proof, thereby enabling the plaintiff to survive a motion to dismiss at the close of his or her case. *Bornstein v. Metropolitan Bottling Co.*, 26 *N.J.* 263, 269, 139 *A.*2d 404 (1958). The inference, however, does not shift the burden of proof. *Lorenc, supra,* 37 *N.J.* at 71, 179 *A.*2d 401; *Kahalili v. Rosecliff Realty*, 26 *N.J.* 595, 606, 141 *A.*2d 301 (1958). As we said in *Lorenc*,

> [t]he facts are said to provide circumstantial evidence of negligence to be weighed, but not necessarily to be accepted as sufficient; they afford a basis for an inference of want of due care which the jury may, but need not, draw. Even in the absence of explanation by the defendant, the jury may properly conclude that the inference should not be drawn or that the facts are not adequate to sustain the plaintiff's ultimate burden of showing, to the degree required, the origin of the accident in the negligence of the defendant. [37 *N.J.* at 71, 179 *A.*2d 401.]

▮▮▮ The first factor, that accidents of the kind in issue do not ordinarily occur in the absence of negligence, "depends on the balance of probabilities being in favor of negligence."

*Buckelew v. Grossbard,* 87 *N.J.* 512, 526, 435 *A.*2d 1150 (1981). As a general rule, in the absence of negligence, mechanical failure, or collision with another vehicle, a motor vehicle does not leave the road and cause damage or injury. *See Smith v. Kirby,* 115 *N.J.L.* 225, 226, 178 *A.* 739 (E. & A. 1935); *Bevilacqua v. Sutter,* 26 *N.J.Super.* 394, 398, 98 *A.*2d 60 (App.Div. 1953) (collecting New Jersey cases); Annotation, *Applicability of res ipsa loquitur doctrine where motor vehicle leaves road,* 79 *A.L.R.*2d 6 (1961) (collecting cases of all jurisdictions).

■ We agree that the unexplained departure of a car from the roadway "ordinarily bespeaks negligence." *See Buckelew, supra,* 87 *N.J.* at 526, 435 *A.*2d 1150. Defendant claims in part that *res ipsa loquitur* does not apply in this case because the accident happened when the driver of one vehicle tried to avoid a collision with an oncoming vehicle. In brief, Donna asserts that her car did not just leave the road but was forced from it.

Substantial, although circumstantial, evidence supported a different explanation. The Eaton car left a dry roadway with such momentum that it became airborne and crashed into trees fifty feet away. It then turned over, and landed on its roof. Given those facts, a jury could reasonably conclude that the accident resulted from negligence in the operation of that vehicle. We cannot hold as a matter of law that the evidence was such that no jury could rationally infer, if it found defendant to have been the driver, that she had been negligent. As stated in *Kahalili, supra,* 26 *N.J.* at 606, 141 *A.*2d 301, "where [defendant has] an explanation [for the accident], it is for the jury, as in the ordinary case, to determine the facts and the inferences to be drawn from all the circumstances." *See also Hanes v. State,* 236 *Md.* 28, 35, 202 *A.*2d 364, 367 (1964) (it is for jury to decide whether defendant's car was forced from road by another vehicle). If the jury disbelieved defendant and accepted the circumstantial evidence, it could reasonably infer that she had been negligent. Thus, defendant's mere explana-

tion was not sufficient to deprive plaintiff of the benefit of *res ipsa loquitur.*

Defendant argues that the second factor, exclusive control of the instrumentality causing the injury, does not apply because Donna originally denied she had been the driver. The validity of that argument is predicated on acceptance of the argument that Sandra, not Donna, had been driving the vehicle at the time of the accident. The identity of the driver, however, was an issue for the jury. In a finding not challenged on appeal, the jury found that Donna had·been the driver. Nothing in the record indicates that the passenger physically interfered with the driver's ability to control the vehicle, *see Machanic v. Storey,* 317 *F.*2d 151, 155 (D.C.Cir.1963), that the vehicle suffered a mechanical failure, or that anyone but the driver had been in control of the Eaton vehicle. Under the circumstances of this case, once the jury found that Donna had been the driver, it could logically have found that she had been in exclusive control of the car. As one leading authority states,

> the evidence must afford a rational basis for concluding that the cause of the accident was probably "such that the defendant would be responsible for any negligence connected with it." That does not mean that the possibility of other causes must be altogether eliminated, but only that their likelihood must be so reduced that the greater probability lies at defendant's door. [Harper, James, & Gray, *supra,* § 19.7 at 46 (footnote omitted).]

Nothing in the record implicates the third factor, which is concerned with the possibility of Sandra's negligence. The only possible basis for that hypothesis is that Sandra had been the driver. If the jury had found that Sandra had been driving, the issue of Donna's negligence would have been moot. As previously indicated, the jury was not obliged to accept Donna's original statement that Sandra had been driving. Because the jury rejected Donna's statement, the third factor is irrelevant.

■ In sum, we find that *res ipsa loquitur* applies to this case. It follows that the court should have instructed the jury that if it found that defendant had been the driver, then it could infer from the happening of this one-car accident that she had

been negligent. *Vespe, supra*, 43 *N.J.* at 439, 204 *A.*2d 874. *Vespe* was an automobile-negligence action in which the defendant's vehicle struck a state trooper who had responded to an accident on the New Jersey Turnpike. The defendant contended that his vehicle had skidded on the snowy highway surface and then had struck the trooper. *Id.* at 432–34, 204 *A.*2d 874. At trial, as here, plaintiff neither requested nor received a *res ipsa loquitur* charge. Instead, the trial court, as in the instant case, charged that the mere happening of a collision was not evidence of negligence. *Id.* at 438, 204 *A.*2d 874. The jury returned a verdict for the defendant, and the Appellate Division affirmed. *Id.* at 432, 204 *A.*2d 874. We reversed, finding that the facts of the accident warranted application of the doctrine of *res ipsa loquitur. Id.* at 436, 204 *A.*2d 874. We further found that the absence of a *res ipsa* charge, when combined with the charge that the happening of the accident was not evidence of negligence, "affirmatively excluded the relevant inference of negligence from [the jury's] consideration." *Id.* at 438, 204 *A.*2d 874.

Writing for the Court, Justice Francis explained that when the charge not only defines negligence without reference to *res ipsa loquitur*, but also affirmatively denies plaintiff the benefit of the inference of negligence which the jury may draw, by excluding it from the case, grave disadvantage is visited on [plaintiff]. The burden of offering an explanation of the accident is lifted from the defendant thereby. [*Id.* at 439, 204 *A.*2d 874.]

Thus, the Court found that the failure to have given a *res ipsa* charge, in conjunction with the charge excluding the permissible evidence of negligence, constituted plain error.

In the present case, the trial court informed the jury that "the fact that an accident occurred in and of itself does not provide any basis for liability." 226 *N.J.Super.* at 64–65, 543 *A.*2d 485. Relying on *Vespe*, the Appellate Division found the charge to constitute plain error. *Id.* at 65, 543 *A.*2d 485. As Judge Furman explained,

[f]rom the physical circumstances, if the jury discounted defendant's immediate post-accident explanation of a phantom car, it may have inferred that defendant was driving at an unreasonably safe speed or failing to maintain the

control of her car that a reasonably prudent driver would have maintained. Yet it was not instructed that it could draw such an inference. To the contrary, jurors of ordinary comprehension may have understood from the charge that the jury was foreclosed from drawing an inference of negligence from the circumstances of the accident itself. [*Ibid.*]

We agree. Given the portion of the charge stating that the mere happening of an accident "does not provide any basis for liability," the failure to deliver a *res ipsa* charge was plain error.

–III–

 The next issue concerns the effect in a negligence action of a violation of the careless-driving statute. *N.J.S.A.* 39:4–97. The statute provides:

A person who drives a vehicle on a highway carelessly, or without due caution and circumspection, in a manner so as to endanger, or be likely to endanger, a person or property, shall be guilty of careless driving.

Originally the trial court charged that a violation of the statute is "evidence to be considered by you in determining whether negligence * * * has been established." In its supplemental charge, the court began by stating, "if you decide there was careless driving as the statute defines it then that would be negligence." The court then stated, however, that "careless driving in the context of this case is an element or can be considered as an element of negligence." Thus, the court charged the jury that a violation of *N.J.S.A.* 39:4–97 was both negligence by itself and evidence of negligence.

 Ordinarily, the determination that a party has violated "a statutory duty of care is not conclusive on the issue of negligence, it is a circumstance which the jury should consider in assessing liability." *Waterson v. General Motors*, 111 *N.J.* 238, 263, 544 *A.*2d 357 (1988); *Horbal v. McNeil*, 66 *N.J.* 99, 103, 328 *A.*2d 604 (1974). The reason is that statutes rarely define a standard of conduct in the language of common-law negligence. Hence, proof of a bare violation of a statutory duty ordinarily is not the same as proof of negligence. When, however, a statute specifically incorporates a common-law stan-

dard of care, a jury finding of a statutory violation constitutes a finding of negligence. *Dolson v. Anastasia*, 55 *N.J.* 2, 10, 258 *A.*2d 706 (1969).

In *Dolson*, the statute at issue provided that " '[t]he driver of a vehicle shall not follow a vehicle more closely than is reasonable and prudent, having due regard to the speed of the preceding vehicle and the traffic upon, and condition of, the highway.' " 55 *N.J.* at 10, 258 *A.*2d 706. There, we said:

> It is elementary that a following car in the same lane of traffic is obligated to maintain a reasonably safe distance behind the car ahead, having due regard to the speed of the preceding vehicle and the traffic upon and condition of the highway. Failure to do so resulting in a collision, is negligence and a jury should be so instructed. [*Ibid.* (citation omitted).]

Consequently, we found that the trial court had erred in charging "that following another vehicle more closely than is reasonable and prudent under the circumstances in violation of the cited statute is only *evidence* of negligence." *Id.* at 11, 258 *A.*2d 706.

Here, the plain language of *N.J.S.A.* 39:4-97 prohibits negligent driving. Proof of the violation of the statute is proof of negligence itself. The reason is that *N.J.S.A.* 39:4-97 incorporates the common-law standard of care. It would be inconsistent to find that defendant had violated the statute but that she had not been negligent. On remand, the trial court should instruct the jury that if it determines that defendant had violated the careless-driving statute, that constitutes a finding that defendant had been negligent.

–IV–

Finally, defendant contends that evidence of her plea of guilty to the careless-driving summons is inadmissible. We disagree.

A party's admission may be used as affirmative substantive evidence against that party. *Evid.R.* 63(7); *Stoelting v. Hauck*, 32 *N.J.* 87, 106, 159 *A.*2d 385 (1960). Consistent with that premise, evidence of a defendant's guilty plea is

admissible as an admission in a civil action. *Kellam v. Akers Motor Lines,* 133 *N.J.L.* 1, 3, 42 *A.*2d 261 (E. & A. 1945); *Mead v. Wiley Methodist Episcopal Church,* 23 *N.J.Super.* 342, 349–50, 93 *A.*2d 9 (App.Div.1952); *see* IV *Wigmore on Evidence* § 1066 at 82 n. 7 (1972) (*Wigmore*). In particular, guilty pleas to traffic offenses are admissible in civil suits to establish liability arising from the same occurrence. *Kellam, supra,* 133 *N.J.L.* at 3, 42 *A.*2d 261; *Liberatori v. Yellow Cab Co.,* 35 *N.J.Super.* 470, 476–77, 114 *A.*2d 469 (App.Div.1955); see also cases cited in *Wigmore, supra,* § 1066 at 82 n. 7. By contrast, a record of conviction for a non-indictable offense is inadmissible in such an action. See *N.J.S.A.* 2A:81–12; *Burd v. Vercruyssen,* 142 *N.J.Super.* 344, 353, 361 *A.*2d 571 (App.Div.1976); *Mead, supra,* 23 *N.J.Super.* at 351, 93 *A.*2d 9. Unlike a party who has pled guilty, one who has unsuccessfully contested an offense has not admitted his or her guilt.

 A guilty plea is merely evidence, not conclusive proof, of the facts underlying the offense. *Wigmore, supra,* § 1066 at 86. Because such a plea is entered without litigation of the underlying facts, it does not estop the pleading party from contesting the admitted fact. *Teitelbaum Furs v. Dominion Ins. Co.,* 58 *Cal.*2d 601, 603, 375 *P.*2d 439, 441, 25 *Cal.Rptr.* 559, 561 (1962); *cf. Mazzilli v. Accident & Casualty Ins. Co.,* 26 *N.J.* 307, 314, 139 *A.*2d 741 (1958) (collateral estoppel applies "as to those questions, issues or facts which were actually litigated and determined in the prior action."). The plea is merely an admission of a party. As with other admissions, the party who has entered the plea may rebut or otherwise explain the circumstances surrounding the admission. *Stoelting, supra,* 32 *N.J.* at 107, 159 *A.*2d 385; *Brohawn v. Transamerica Ins. Co.,* 276 *Md.* 396, 403, 347 *A.*2d 842, 848 (1975). Thus, a party who has pled guilty may try to persuade the jury that the plea was merely a compromise, or less a reflection of guilt than a balancing of the costs of contesting the charge with the burden of the conviction. That explanation,

however, does not affect the admissibility of the plea. *Stoelting, supra,* 32 *N.J.* at 108, 159 *A.*2d 385.

Here, Donna pled guilty to the careless-driving charge and paid a $60 fine. The trial court correctly charged the jury that it was not bound by, but could consider, the guilty plea. The court further charged that "independent of that you have the right to make a determination as to whether there was careless driving."

Without citing any authority, defendant asserts that admission of her guilty plea violates her constitutional rights. Her argument is that civil liability is a "consequence of magnitude" entitling her to appointment of counsel. *See Rodriguez v. Rosenblatt,* 58 *N.J.* 281, 277 *A.*2d 216 (1971). Thus, she argues that she should have been advised of the right to counsel and informed of the civil consequences of the plea. The argument is meritless. A defendant's right to be informed of the consequences of a plea "extends only to those consequences that are 'direct,' or 'penal,' * * * not to those that are 'collateral'." *State v. Howard,* 110 *N.J.* 113, 122, 539 *A.*2d 1203 (1988). We need not precisely define the outer limits of the phrase "consequence of magnitude" to decide that it does not include the increased risk of liability in related civil litigation between private parties. Thus, the possibility of use of the guilty plea in a subsequent civil suit did not entitle defendant to appointment of counsel on the careless-driving charge, nor does it require exclusion of the plea from use as evidence in the present case.

Defendant also asserts that the municipal court violations clerk was without jurisdiction to accept the plea, citing *Rule* 7:7–3. That Rule provides that the violations clerk may not accept pleas to, among other offenses, "careless driving where there has been an accident resulting in personal injury." *R.* 7:7–3(5). Clearly, the appropriate practice is that such pleas should be entered only in open court, and should not be accepted by a violations clerk. The clerk's asserted lack of jurisdic-

tion to enter a conviction, however, should not preclude admissibility of defendant's plea as an admission. By signing the summons and paying the fine, defendant admitted that she had committed the offense of careless driving.

The judgment of the Appellate Division is affirmed, and the matter is remanded to the Law Division.

*For affirmance and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.