842 A.2d 840 (2004)
367 N.J. Super. 292
Terry JERISTA and Michael Jerista, her husband, Plaintiffs-Appellants,
v.
Thomas M. MURRAY, Jr., Esq., Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 2003.
Decided February 17, 2004.
*842 Jack L. Wolff, Morristown, argued the cause for appellants (Mr. Wolff, of counsel; Marc J. Friedman, Parsippany, on the brief).
Mark M. Tallmadge argued the cause for respondent (Bressler, Amery & Ross, attorneys; Mr. Tallmadge and Diana C. Manning, on the brief).
Before Judges KESTIN, AXELRAD and LARIO.
*841 The opinion of the court was delivered by AXELRAD, J.T.C. (temporarily assigned).
In this legal malpractice action, plaintiffs, Terry Jerista[1] and Michael Jerista, appeal from summary judgment in favor of their former attorney, defendant, Thomas J. Murray, Jr. We affirm.
On August 30 or 31, 1987, plaintiff was injured on the premises of the Shop Rite supermarket in Hasbrouck Heights. The facts surrounding the accident are sketchy. According to plaintiff's deposition in the current action, her husband, pushing their child in a shopping cart ahead of her, entered the store uneventfully. As plaintiff entered, the automatic door suddenly swung back and closed on her, causing injury to her wrist, forearm, and back.
Plaintiffs retained defendant, and on April 7, 1989, he filed suit on their behalf against Shop Rite. Shop Rite filed a third-party complaint against New Jersey Automatic Door, Inc., the company responsible for installation and maintenance of the door. Defendant did not obtain any photographs or hire any expert to inspect the door. On June 22, 1990, plaintiffs' complaint against Shop Rite was dismissed for failure to answer interrogatories. Defendant did not move to reinstate his clients' *843 claim. Plaintiffs allege they had no knowledge of the dismissal until ten years later, at which time they filed suit against defendant for legal malpractice.
In the current action, plaintiffs retained an expert, Daniel M. Hurley, Esquire, who opined as to defendant's malpractice. Plaintiffs also provided a report from a medical expert regarding Terry's injuries. Plaintiffs provided no expert report regarding the alleged malfunction of the door.
In his report, Hurley asserts malpractice in defendant's failure to properly investigate the accident, in failing to determine who manufactured and installed the door and the door-operating mechanism, and in failing to realize that the case was both a "Negligence and Product Liability case." Hurley also found negligence in defendant's failure to prepare draft answers to interrogatories served upon his clients, failure to prevent the case from being dismissed, and failure to advise his clients of the dismissal.
Defendant's legal malpractice expert, Diane Marie Acciavatti, opined that plaintiff could not prove causation in her claim against defendant because she did not offer an expert to testify as to any defective condition of the door, plaintiff was comparatively negligent in proceeding through an automatic door, which had opened in the wrong direction, and plaintiff would be unable to prove that her injuries resulted from the incident at Shop Rite rather than numerous unrelated medical conditions.
Defendant moved for summary judgment, claiming that even if there were a breach of duty by defendant-attorney, plaintiff failed to demonstrate a proximate link of damages to the breach. Plaintiff responded that, because of the passage of time, she was unable to produce any proof that the door presently on the Shop Rite premises was the same door that caused her injuries. Therefore, she could not obtain an expert who would establish a manufacturing, design, or installation defect of the door that was involved in the accident.
The Law Division judge granted summary judgment to defendant because of plaintiffs' failure to produce an expert regarding the liability of the manufacturer or installer of the door or of Shop Rite. More specifically, plaintiffs failed to establish a "case within a case", i.e., had the initial action been pursued, it would have resulted in a favorable recovery. Conklin v. Hannoch Weisman, 145 N.J. 395, 417, 678 A.2d 1060 (1996). The court determined that plaintiffs' "case within a case" was grounded upon products liability and governed by the Products Liability Act, N.J.S.A. 2A:58C-1 to -11. The court rejected plaintiffs' res ipsa loquitur argument, and held that, without an expert, plaintiffs were unable to establish a prima facie showing of causation. Although the record is unclear, it appears the court also concluded that the Products Liability Act subsumed plaintiffs' premises liability claim against Shop Rite.
Plaintiffs argued before the trial court and on appeal that Terry had a viable premises liability negligence case against Shop Rite, which did not require expert testimony. According to plaintiffs, the supermarket's breach of duty could be inferred using the doctrine of res ipsa loquitur, and that was sufficient to defeat defendant's summary judgment motion.
We do not necessarily agree that plaintiff's products liability claim subsumed her negligence claim. We need not address that issue, however, in view of our determination that, as a matter of law, plaintiff is not entitled to a res ipsa loquitur inference on her underlying negligence action against Shop Rite. Nor do the dynamics of this case merit relieving plaintiff from the *844 requirement of having to prove a "suit within a suit" in order to sustain her legal malpractice claim. See Lieberman v. Employers Ins. of Wausau, 84 N.J. 325, 342, 419 A.2d 417 (1980) (holding, that under certain limited circumstances, a "plaintiff should not be restricted to the more or less conventional mode of trying a `suit within a suit' to establish entitlement to damages in a malpractice action.")
In a negligence case, a plaintiff must establish that the defendant breached a duty of reasonable care, which was a proximate cause of the plaintiff's injuries. Brown v. Racquet Club of Bricktown, 95 N.J. 280, 288, 471 A.2d 25 (1984) (citing Hansen v. Eagle-Picher Lead Co., 8 N.J. 133, 139-40, 84 A.2d 281 (1951)). Res ipsa loquitur is a method of circumstantially proving the existence of negligence. Myrlak v. Port Authority of N.Y. and N.J., 157 N.J. 84, 95, 723 A.2d 45 (1999), (citing Tierney v. St. Michael's Medical Ctr., 214 N.J.Super. 27, 30, 518 A.2d 242 (App.Div.1986), certif. denied, 107 N.J. 114, 526 A.2d 184 (1987)). Res ipsa loquitur is not a theory of liability; rather, it is an evidentiary rule that governs the adequacy of evidence in some negligence cases. Id. at 95, 723 A.2d 45. "The rule in effect creates a `permissive presumption' that a set of facts `furnish reasonable grounds for the inference that if due care had been exercised by the person having control of the instrumentality causing the injury, the mishap would not have occurred.' " Brown, supra, 95 N.J. at 288-89, 471 A.2d 25 (quoting Bornstein v. Metro. Bottling Co., 26 N.J. 263, 269, 139 A.2d 404 (1958)). Thus, the rule permits a plaintiff "the advantage of the inference of negligence to discharge the burden of proving negligence." Jimenez v. GNOC, Corp., 286 N.J.Super. 533, 543, 670 A.2d 24 (App.Div.) (quoting Vespe v. DiMarco, 43 N.J. 430, 436-37, 204 A.2d 874 (1964)), certif. denied, 145 N.J. 374, 678 A.2d 714 (1996). However, the inference does not shift the burden of proof to defendant. Eaton v. Eaton, 119 N.J. 628, 639, 575 A.2d 858 (1990); Buckelew v. Grossbard, 87 N.J. 512, 526, 435 A.2d 1150 (1981). The doctrine confers upon the plaintiff an inference of negligence sufficient to establish a prima facie case at the close of plaintiff's evidence. Buckelew, supra, 87 N.J. at 526, 435 A.2d 1150; see also Vespe, supra, 43 N.J. at 436-37, 204 A.2d 874.
The doctrine of res ipsa loquitur permits an inference of defendant's want of due care when: "(a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect." Myrlak, supra, 157 N.J. at 95, 723 A.2d 45 (quoting Bornstein, supra, 26 N.J. at 269, 139 A.2d 404).
In opposition to defendant's summary judgment motion, plaintiff presented evidence that her husband and baby entered through the automatic doors without incident, and when she followed, the doors closed on her. Plaintiff produced two service reports pertaining to a Stanley Magic Swing door at Shop Rite's premises. One, dated a few days prior to the accident, indicated the "operator [was] internally damaged" and a part was to be ordered and installed. The other, dated September 9, 1987, about ten days after the accident, stated that the "damaged operator" was replaced.
When an injury is caused by a piece of complex machinery, the plaintiff must typically provide expert testimony regarding that machinery. Gore v. Otis Elevator Co., 335 N.J.Super. 296, 302-03, 762 A.2d 292 (App.Div.2000); Jimenez, supra, 286 N.J.Super. at 544, 670 A.2d 24.

*845 The requirement for expert testimony in complex instrumentality cases results logically from New Jersey law that res ipsa loquitur is inapplicable where the injured party fails to exclude other possible causes of the injury. While the plaintiff need not reduce altogether the possibility of other causes, she must bring forth affirmative evidence that tends to "exclude other possible causes of the injury."
Clearly, then, a plaintiff is not entitled to bring her case to a jury under res ipsa loquitur any time there is an unexplained accident for which a defendant might plausibly be responsible. Rather, a plaintiff has the burden of producing evidence that reduces the likelihood of other causes so "that the greater probability [of fault] lies at defendant's door." Only then may a jury properly draw an inference of negligence. Without an expert... the plaintiff has not excluded possible causes of the alleged incident and thus cannot take advantage of res ipsa loquitur.

[Jimenez, supra, 286 N.J.Super. at 544-45, 670 A.2d 24 (internal quotations and citations omitted).]
The cases of Rose v. Port of New York Auth., 61 N.J. 129, 293 A.2d 371 (1972) and Allendorf v. Kaiserman Enterprises, 266 N.J.Super. 662, 630 A.2d 402 (App.Div. 1993), relied upon by plaintiffs, do not support the application of res ipsa loquitur in this case. In Rose, the plaintiff was struck in the face by an automatic glass door at the airport when he came into close proximity with it. Rose, supra, 61 N.J. at 133, 293 A.2d 371. In Allendorf, as the plaintiff was entering a self-service elevator in an office building behind her two-year old daughter, the automatic door closed on her and pinned her against the door frame, pushing her with increasing pressure against the wall. Allendorf, supra, 266 N.J.Super. at 667, 630 A.2d 402.
Although these cases may, arguably, be factually similar to the case before us, they differ significantly in the quantum of proof presented by each of the plaintiffs. In Rose, the plaintiff offered two experts, one who testified regarding the normal operation of the automatic door, and one who opined that four possible defects in design or operation may have caused the accident. Rose, supra, 61 N.J. at 135-36, 293 A.2d 371. The Court held that the experts' opinions as to possible malfunctions of the door were sufficient to withstand a Rule 4:37-2(b) motion for involuntary dismissal under a res ipsa loquitur theory, even though the experts were unable to pinpoint the actual operational failure that did occur. Id. at 136-37, 293 A.2d 371.
In Allendorf, the plaintiff offered an engineering expert who testified that the elevator was generally in a poor state of repair and that, according to service records, the elevator's electronic eye safety device was known to have been out of service for a sufficient period prior to the accident to have been repaired. Allendorf, supra, 266 N.J.Super. at 668, 630 A.2d 402. The evidence presented to the jury pointed to the electronic eye safety device as the probable malfunctioning part, and showed that similar malfunctions had occurred within hours of the plaintiff's accident. Id. at 667, 630 A.2d 402. Moreover, the maintenance company had sent an employee to service the specific elevator that caused plaintiff's injuries during that time. Id. at 671, 630 A.2d 402. Accordingly, the evidence presented by the plaintiff supported a sufficient foundation for a jury instruction on res ipsa loquitur. Id. at 668, 630 A.2d 402.
Plaintiff in this case did not offer a similar quantum of evidence in support of her claim of negligent maintenance. The *846 only evidence she presented was that an "operator" of the automatic door was internally damaged and a part required replacement a few days prior to her accident. She offered no proof, or even a theory, as to which part it was. Nor did she offer any connection between the part needing replacement and her injury. Moreover, plaintiff offered no evidence whatsoever reducing the likelihood of other possible causes of her injury. She provided no evidence as to whether the door had been operating safely between the time the part was ordered and her traumatic entry. Nor did she provide the court with any expert testimony as to the normal operation of the automatic door or a theory as to how or why the automatic door malfunctioned when she entered but did not when her husband and child preceded her. The only expert she presented was an attorney who opined as to defendant's malpractice.
We recognize that in some circumstances involving complex instrumentalities, an expert may not be required to satisfy res ipsa. Rosenberg v. Otis Elevator Co., 366 N.J.Super. 292, 306, 841 A.2d 99 (App.Div.2004). The focus must center on "the sufficiency of the evidence tending to reduce or rule out the likelihood of causes other than those attributable to the defendant(s)." Ibid. In determining whether an expert is required, consideration must be given to the manner in which the accident occurred, regardless of whether it involves a complex instrumentality, and whether it would be capable of bespeaking negligence by defendant to a lay person. Ibid. This is not such a case. Plaintiff provides no explanation of the operation of the door mechanism, which is beyond the ken of a lay person. With no expert to provide the court with a basis upon which to find sufficient evidence of improper operation and proximate cause, the doctrine of res ipsa loquitur cannot be invoked to establish premises liability against Shop Rite.
We do not countenance in any way defendant's handling of plaintiffs' underlying case. However, defendant's breach of duty is but one element of a viable legal malpractice action. Plaintiff must also establish proximate cause by way of a "case within a case"had her initial suit been pursued, she would have been successful. Conklin, supra, 145 N.J. at 417, 678 A.2d 1060. Our Supreme Court has opened the door, when necessary in the interests of justice, to alternative approaches to proving a legal malpractice claim where the conventional mode of trying a "suit within a suit" would not be feasible. Lieberman, supra, 84 N.J. at 342-44, 419 A.2d 417. The Court identified the presence in that case of three extraordinary factors. Id. at 342-43, 419 A.2d 417. The plaintiff there proceeded against dual defendants on different theories; one was a malpractice claim against an attorney, and the other was a breach of contract claim against an insurer. Id. at 343, 419 A.2d 417. Additionally, there was a reversal of roles in which the plaintiff in the malpractice action was a defendant in the underlying negligence action so that a "suit within a suit" framework would be "awkward and impracticable" and "could well skew the proofs." Ibid. These factors are not present here. The only claim is one of professional negligence. Additionally, we have a traditional "plaintiff-plaintiff" paradigm where "there might well be a parallel between the two actions as to the identity of witnesses and the nature of the evidence so that a ... `suit within a suit' would not be inconvenient or difficult." Ibid.
The third Lieberman factor was the passage of time. Ibid. This factor causes us some concern. Because of defendant's dereliction, a substantial period of time elapsed, which has inured to the detriment *847 of plaintiffs and may impede their ability to follow the "suit within a suit" approach. However, plaintiff has not demonstrated that the passage of time has created an insurmountable proof problem, rendering her unable to prove her underlying negligence case within the conventional framework.
Even if defendant's acts in refusing to disclose the dismissal of the action against Shop Rite caused the evidence to be lost, and precluded inspection of the actual automatic door, plaintiff still could have utilized an expert, as was done in Rose and Allendorf, to rule out other possible causes of the incident. For example, plaintiff could have offered an expert to testify generally about Stanley Magic Swing doors and the possible ways they could malfunction to cause an accident similar to hers. This she failed to do. Alternatively, if plaintiff had produced an expert who opined that, without examination of the exact door that closed on her, it would be impossible to render an opinion on causation, we might be impelled to seek a more flexible alternative to the conventional framework so as to avoid an injustice.
Under the circumstances present in this case, the legal principles upon which we base our decision are well settled. Neither the Lieberman factors nor their underlying rationale are present here. Accordingly, we discern no basis to craft an alternative procedure by which plaintiff can prove her legal malpractice claim. Plaintiff has advanced no justification in law, or even on broad public policy grounds, to relieve her from her obligation to prove a "case within a case" in order to sustain her malpractice claim against defendant.
The mere fact an accident occurred does not establish negligence. Plaintiff made no showing that "but for" the lack of due care by Shop Rite, the accident would not have occurred. Plaintiff failed to present evidence that Shop Rite failed to properly maintain the automatic doors, warn of any defective equipment, and adequately maintain the premises so as to prevent injury to its customers-invitees. See, e.g., Butler v. Acme Markets, Inc., 89 N.J. 270, 445 A.2d 1141 (1982). Plaintiff's evidence, considered in the light most favorable to her, Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995), is insufficient to raise a debatable question and get to a jury on her negligence action against Shop Rite for failing to maintain safe premises for its patrons. Accordingly, summary judgment was properly granted to defendant. We affirm a judgment on appeal if it is correct, even though the judge gave different reasons for it. Isko v. Planning Bd. of Tp. of Livingston, 51 N.J. 162, 175, 238 A.2d 457 (1968).
Affirmed.
KESTIN, P.J.A.D., dissenting.
Viewing the facts indulgently in favor of plaintiffs at this stage of the proceedings, as we must, see Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540, 666 A.2d 146 (1995), it is remarkableand paradoxicalthat an attorney who so clearly breached his duties of due care and diligence in handling his clients' cause, and so completely defaulted on his duty of fidelity and full disclosure as this defendant is alleged to have done, should benefit from his own transgressions when finally called to account in a lawsuit for professional malpractice. We ought not to permit a sterile adherence to processes crafted to achieve just results in most cases to apply in this matter in a way that perverts good sense and the requirements of justice. I am not content to allow the outrageously patent and pervasive derelictions of duty allegedly *848 perpetrated by this defendant to pass without an appropriate response.
The "case within a case" rubric, so unremittingly applied by the trial court and the majority in this appeal to non-suit plaintiffs, is not an unvarying rule of liability or damages in all legal malpractice suits. Thus, whether or not plaintiffs were entitled to the benefit of a res ipsa loquitur presumption in their underlying negligence action is not dispositive of their claim against the defendant herein.
In Lieberman v. Employers Ins. of Wausau, 84 N.J. 325, 419 A.2d 417 (1980), the Supreme Court held that the "suit within a suit" approach is but one way to prove a legal malpractice claim, not the exclusive mode. The Court concluded
that it should be within the discretion of the trial judge as to the manner in which the plaintiff may proceed to prove his claim for damages and that the appropriate procedure should, if not otherwise agreed upon between the parties, be settled through pretrial proceedings. We need not here delineate in final detail what alternatives must be considered except to observe that they include the "suit within a suit" approach or any reasonable modification thereof.

[Id. at 343-44, 419 A.2d 417.]
In determining how the claim may best be presented in order to promote a just adjudication, the trial judge must evaluate the dynamics of the particular case instead of proceeding by rote. All applicable factors must be realistically considered, including the theories advanced in the instant action and those that were and could have been developed in the underlying suit, see id. at 342-43, 419 A.2d 417, the nature and extent of the alleged "professional mishandling" that gave rise to the malpractice suit, see id. at 343, 419 A.2d 417, and the degree to which the passage of time especially where the defendant bears the responsibility for it "skew the proofs" or otherwise defeat the claimants' ability to prove their claim in a "trial within a trial." Ibid. It is singularly inappropriate to apply a high standard of proof to plaintiffs at the summary judgment stage. See Vahila v. Hall, 77 Ohio St.3d 421, 674 N.E.2d 1164, 1171 (1997).
Especially where the claims if established, bespeak such patent departures from accepted standards of attorney conduct as are alleged here, the trial judge should not hold the plaintiffs to modes of proceeding that would be "awkward and impracticable." Ibid. "[T]he "suit within a suit" rule may well suffer from an undue rigidity." Gautam v. De Luca, 215 N.J.Super. 388, 398, 521 A.2d 1343 (App. Div.1987). "A standard of proof that requires a plaintiff to prove a virtual certainty that, but for defendant's negligence, the plaintiff would have prevailed in the underlying action, in effect immunizes most negligent attorneys from liability." Erik M. Jensen, The Standard of Proof of Causation in Legal Malpractice Cases, 63 Cornell L.Rev. 666, 670 (1978).
Defendant ought not to be immune from liability for his omissions to plan and plead the underlying case properly; for his failures to prepare the case in an acceptable fashion, including conducting discovery in a professionally responsible way; for his breaches of the duty to protect plaintiffs' claims procedurally; or for his intentional acts in deceiving them about the posture of their suit. Assuming the truth of the factual allegations plaintiffs make, as we must at this stage of the proceedings, defendant earned no indulgence from the court in this malpractice action. Instead of hewing to a formalistic line and dismissing the instant claim on "case within a case" grounds, the trial court and we, as custodians of the legal and professional standards the breach of which so victimized these *849 claimants, owe plaintiffs a creative treatment of the issues so as not to deprive them of an opportunity to establish the truth of their allegations and the extent of the damages they suffered by reason of the derelictions claimed. This defendant's own conduct, as alleged, may well have been responsible, in whole or in large part, for any present limitations on plaintiffs' capacity to prove their "case within a case."
In addition to fashioning a more flexible view of how plaintiffs might proceed on issues of liability, see Lieberman, supra, 84
N.J. at 343, 419 A.2d 417, it would be appropriate to consider applying, as well, in cases of this type, a legal-malpractice version of the "increased risk of harm" standard available in certain medical malpractice actions. See Evers v. Dollinger, 95 N.J. 399, 471 A.2d 405 (1984); see also Jensen, supra, 63 Cornell L.Rev. at 679-81 (proposing "[a] new standard: `lost substantial possibility of recovery'"). In terms of damages, it should be no less difficult to calculate in a legal malpractice action than in a medical malpractice action, with appropriate regard for the uncertainties involved, the value of the loss claimants experienced by reason of the professional defendant's errors, omissions, and intentional disregard of professional standards.
With these thoughts in mind, I would reverse the trial court's summary judgment order dismissing the complaint; and remand for further consideration, including the crafting of a procedure that deals justly and realistically with the issues involved.
NOTES
[1] Because Terry Jerista was injured by the automatic door, and her husband Michael asserted a per quod claim, we will use the singular term "plaintiff" in this opinion when we refer to Terry.